## SUMMERS v. STATE OF INDIANA.

[No. 25,028.   Filed April 30, 1926.   Rehearing denied October 6, 1926.]

1. CRIMINAL LAW.—*Judgment ordering imprisonment on the "Indiana State Farm" sufficiently conformed to verdict providing imprisonment on the "penal farm."*—A judgment that the defendant be imprisoned for a specified period on the "Indiana State Farm" sufficiently conformed to the verdict that he be imprisoned on the "penal farm," the latter term referring to the same place, known by the public generally as the "penal farm" (*Clark* v. *State*, 77 Ind. 399, distinguished). p. 243.

2. CRIMINAL LAW.—*Verdict providing imprisonment on the "penal farm" was sufficiently certain to authorize judgment of commitment to "Indiana State Farm."*—Under the provisions of the act of 1913 (Acts 1913 p. 660, §12431 *et seq.* Burns 1926, §9926a *et seq.* Burns 1914) establishing the "Indiana State Farm" as one of the state's correctional institutions and making it the duty of the courts to commit thereto all male persons above the age of commitment to the Indiana Boys' School who have been convicted of the violation of any criminal law the punishment for which formerly consisted of imprisonment in the county jail, a verdict providing that the defendant be imprisoned in the "penal farm" for thirty days was understandable and sufficiently certain for the court to render judgment committing him to the Indiana State Farm. p. 243.

From Madison Circuit Court; *William A. Kittinger,* Judge.

Thaddeus Summers was convicted of selling intoxicating liquor, and he appeals.   *Affirmed.*

*George F. Windoffer,* for appellant.

*Arthur L. Gilliom,* Attorney-General and *Edward J. Lennon, Jr.,* Deputy Attorney-General, for the State.

MYERS, J.—In the court below, appellant was convicted of selling to a certain named person one-half pint of white mule whisky, in violation of §1, Acts 1923 p. 70. He prosecutes this appeal and seeks a reversal of the judgment rendered against him on the sole

ground that the trial court erred in overruling his motion for a *venire de novo*.

The material part of the verdict to be noticed follows: "We, the jury, find the defendant guilty as charged * * *; that he be fined in the sum of Two Hundred and Fifty ($250.00) Dollars, and that he be imprisoned in the penal farm for a period of Thirty days." Appellant challenges this verdict on the ground that it "is so uncertain and defective that judgment cannot be entered thereon against him." The motion for a *venire de novo* was overruled and judgment rendered as follows: "It is, therefore, ordered, adjudged and decreed by the court that the defendant be fined in the sum of $250, together with the costs of this action, and that he be imprisoned in the Indiana State Farm for a period of thirty days, and until discharged by law."

Appellant insists that the judgment is not in conformity with the verdict in that the verdict provides that he be confined "in the penal farm," whereas the judgment fixes the place "in the Indiana State Farm."

Appellant was found guilty of a misdemeanor, and, in such cases, the statute provides that the jury "must state in the verdict the amount of the fine and the punishment to be inflicted." §2315 Burns 1926, §1837 R. S. 1881. Also, "When the defendant is found guilty, the court shall render judgment accordingly." §2321 Burns 1926, Acts 1905 p. 584, §278. Hence, the claim that there was no verdict authorizing the judgment rendered in this case. Citing, *Clark* v. *State* (1881), 77 Ind. 399. In that case, it will be noticed that the punishment assessed by the jury was "imprisonment in the State's prison for the term of two years, and disfranchised for two years." The judgment was that "they each be * * * rendered incapable of holding any office of trust or profit for the period of two

years." It was there insisted that the judgment did "not conform to the verdict." Held, that the verdict was defective in that it omitted the "holding office" clause, which was a part of the penalty provided by statute. Also, that the court, by adding this clause in the judgment, usurped the power of the jury by inflicting a greater penalty than that imposed by the jury.

In the instant case, the judgment adds no additional penalty. It merely fixes the place of incarceration, "Indiana State Farm," named in the statute (§12431 Burns 1926, Acts 1913 p. 660, §1) ; while the verdict undoubtedly refers to the same place and known by the public generally as the "penal farm."

The verdict as bar was "guilty." The punishment to be inflicted, aside from the fine, was imprisonment for thirty days. The statute, §1, *supra,* defining the offense charged fixes the place of imprisonment in the county jail, but §8, Acts 1913, *supra,* as amended, Acts 1919 p. 81, gave the trial court a discretion to commit to the county jail or to the state farm when the term of imprisonment is sixty days or less. The verdict fixed the place of imprisonment in the "penal farm." True, that is not the technical name of any of the state's correctional institutions, but there is only one of these —the "Indiana State Farm"—to which appellant could have been sent other than the county jail. The verdict was understandable and sufficiently certain for the court to render judgment accordingly. A similar question to the one here presented was before this court in *Banks* v. *State* (1919), 188 Ind. 353, 123 N. E. 691, and it was there held that in the light of the 1919 enactment, *supra,* a verdict " '90 days in the penal farm' was not ambiguous and uncertain as to the place of imprisonment."

Judgment affirmed.