Petition for attorneys fees submitted November 17, 1961,
granted February 21, 1962

# SPENCER v. GLADDEN
369 P. 2d 129
(See 228 Or. 522, 365 P. 2d 621)

See also 228 Or. 522, 365 P. 2d 621.

Rodney W. Miller, Salem, petitioner.

Before McAllister, Chief Justice, and Rossman, Warner, Perry, Sloan, O'Connell and Goodwin, Justices.

PER CURIAM.

The attorney for the petitioner seeks an order directing Deschutes county to make payment of a reasonable fee for his professional services and to reimburse him for the expenses incurred in prosecuting

an appeal to this court. The expenses consisted of $92 paid for the printing of petitioner's brief on appeal.

The professional services rendered in connection with this case included the preparation of various letters, visits made to petitioner in the penitentiary, drafting the necessary documents to perfect the appeal, preparation of the abstract of record and brief, and the presentation of oral argument. The motion for the allowance of a reasonable fee recites that the Oregon State Bar schedule of minimum fees and charges sets forth $400 as a minimum fee for perfecting an appeal, including the preparation of the abstract of record and brief. The minimum fee for oral argument is set at $150.00.

As a result of legislation enacted in 1961,[1] this court is required to determine and allow reasonable expenses and attorney's fees in criminal cases appealed by persons without funds to employ counsel. Since there are a considerable number of cases falling under this category we feel that it is advisable to explain

---

[1] ORS 138.500 as amended by Oregon Laws 1961, Ch 480 (3), provides as follows:

"(3) After determination of the appeal the Supreme Court shall allow the cost of the transcript furnished pursuant to subsection (2) of this section, the cost of briefs and any other expenses of appellant which were necessary to appellate review. The Supreme Court may also determine and allow a reasonable fee for counsel appointed under this section. A verified statement of such costs and expenses, including petition for allowance of attorney's fee, shall be filed within 20 days or such further time as may be allowed by the court from the time an opinion is rendered or, if no opinion is handed down, then within 20 days from the giving of a decision by the court. The cost, expenses and fee so allowed by the Supreme Court shall be paid by:

"(a) The county in which the final order or judgment appealed from was rendered, if the appeal is taken to review directly an order or judgment in a criminal action; or

"(b) The county in which the conviction complained of was rendered, if the appeal is taken to review the judgment in a proceeding pursuant to ORS 138.510 to 138.680."

briefly the factors which are pertinent in establishing a reasonable fee.

■■ In the first place, we wish to make it clear that the Oregon State Bar schedule of minimum fees is not in any sense a proper measure of compensation for the class of cases we are here considering. That schedule was prepared upon the assumption that the attorney's services were sought by one who was able to pay for them. Here we are dealing with the reasonable compensation to be expected where the attorney is appointed as a servant of the court and of the public to represent an indigent defendant. "Lawyers have always regarded the acceptance and performance of such service as one of the obligations incident to their professional status and privileges." Drinker, Legal Ethics, p. 62 (1953). In the absence of legislation such as Oregon Laws 1961, Ch 480, providing for the expenditure of public funds to compensate attorneys for their services, an attorney is expected to serve without remuneration. We believe that it is our duty to give weight to this tradition of public service when we are called upon to determine a reasonable fee in this class of cases.

■ Other considerations are also relevant. It has been our observation that ordinarily an appeal from a post-conviction proceeding under ORS 138.510 to 138.-680 requires less preparation than an appeal from a judgment on conviction, principally because the grounds for post-conviction relief are circumscribed within quite narrow limits under ORS 138.530.

■■ More significant factors to be considered in the fixing of a reasonable fee are the complexity of the legal questions presented and the merit of the proposition of law asserted upon appeal. In a considerable number of criminal cases appealed to this court the

argument is presented only because counsel are urged by their clients to do so. But, the duty of an attorney to his client in these cases does not require him to urge unsupportable propositions of law. If counsel is of the opinion that there is no basis for an appeal he should so advise his client and the trial court; then if his client refuses to accept his advice, he should, with the consent of the court, withdraw from the case. Unless the trial court is of the opinion that there is some arguable basis for an appeal the matter should be dropped at that point insofar as there is any obligation to see that counsel is provided at the expense of the state.

The defendant may, of course, proceed with an appeal pro se or by employing other counsel, but defendant has no right to reimbursement from public funds if appointed counsel and the trial court have previously concluded that an appeal would be without merit.

■ In the instant case the issue raised on appeal was simple and should have required little time to brief. We believe that a fee of $300 will amply compensate counsel for the preparation of the brief and the preparation of the oral argument. He is also entitled to be reimbursed for the expenses incurred in printing the brief.

It is so ordered.