Argued March 3, affirmed March 25, 1964

SPEERS *v.* GLADDEN

390 P. 2d 635

*M. Chapin Milbank,* Salem, argued the cause for appellant. With him on the brief were Brown, Schlegel, Bennett & Milbank, Salem.

*C. L. Marsters,* Assistant Attorney General, Salem, argued the cause for respondent. With him on the

brief was Robert Y. Thornton, Attorney General, Salem.

Before McAllister, Chief Justice, and Rossman, Perry, Sloan, O'Connell, Goodwin and Denecke, Justices.

O'CONNELL, J.

Plaintiff, relying upon ORS 138.530, (a) of the Post-Conviction Relief Act, alleges that he was deprived of his constitutional rights under the Fourteenth Amendment of the U. S. Constitution and under Art I, § 11, Oregon Constitution, in that the trial court refused to appoint counsel to represent him upon appeal from a judgment of conviction. In the present proceedings under the Post-Conviction Act the trial court entered a judgment dismissing the plaintiff's petition with prejudice. Plaintiff appeals from this judgment.

Plaintiff was found guilty of the crime of burglary in the circuit court for the county of Yamhill and sentenced to the penitentiary for a term not to exceed five years on the 19th day of June, 1961. On June 30, 1961, an habitual criminal information accusing the plaintiff of previous felony convictions was filed in Yamhill county. On August 7, 1961, plaintiff being represented by counsel, appealed from the conviction of burglary. The habitual criminal proceedings were stayed pending the disposition of the burglary conviction then on appeal. The burglary conviction was affirmed. *State v. Foss and Speers,* 230 Or 579, 371 P2d 564 (1962).

On July 6, 1962, in the habitual criminal proceeding, plaintiff was found to be the same person who had been convicted of five former felonies and was sentenced to the Oregon State Penitentiary for the

term of his natural life, under the Habitual Criminal Act. ORS 168.085.

Plaintiff then notified the court that he desired to appeal from the latter judgment of conviction and requested the appointment of counsel. The trial court granted the request and appointed Mr. Elliott Cummins, who had been plaintiff's counsel in the trial of the burglary charge. Mr. Cummins filed a notice of appeal and then filed a motion requesting permission to withdraw as attorney for the plaintiff for the reason that in his opinion no prejudicial error of record appeared in the habitual criminal proceedings.[1] The trial court permitted Mr. Cummins to withdraw. The court notified plaintiff that it would not provide other counsel for the plaintiff to prosecute his appeal from the judgment of the habitual criminal proceedings.[2] Thereafter the appeal of the plaintiff from the habitual criminal proceedings was dismissed for want of prosecution.

■■ The trial court stated in its letter opinion that the action taken was based upon the following state-

---

[1] Mr. Cummins' motion recites that it was "made upon the ground that the transcript of the record of the hearing upon the habitual criminal information filed herein * * * discloses no prejudicial error of record and there therefore is no substantial question to be raised by an appeal."

[2] In the letter opinion of the trial court plaintiff was advised as follows:

"* * * Very frankly, in my opinion, there is no error in the record and consequently I am relieving Mr. Cummins from his assignment as your attorney to prosecute the appeal. Also, I am not appointing any other attorney to represent you in this matter. If you desire to proceed with your appeal, it will be necessary for you to retain your own counsel or—if you do not care to do that—you can proceed with your appeal pro se. If you care to so proceed, the transcript of the testimony will be available to you. The same have been prepared and are in the hands of Mr. Cummins and he will return them to this office. Of course, if you desire to proceed with your appeal, they will be supplied to you."

ment in *Spencer v. Gladden,* 230 Or 162, 165-66, 369 P2d 129, 130-31 (1962):

> "* * * In a considerable number of criminal cases appealed to this court the argument is presented only because counsel are urged by their clients to do so. But, the duty of an attorney to his client in these cases does not require him to urge unsupportable propositions of law. If counsel is of the opinion that there is no basis for an appeal he should so advise his client and the trial court; then if his client refuses to accept his advice, he should, with the consent of the court, withdraw from the case. Unless the trial court is of the opinion that there is some arguable basis for an appeal the matter should be dropped at that point insofar as there is any obligation to see that counsel is provided at the expense of the state."

The trial court correctly disposed of the matter. Mr. Cummins is an experienced and capable lawyer. He could find nothing in the record upon which to base an appeal. We can assume that he exerted his best efforts in behalf of his client.[3] Under such circumstances he had a duty to the court to withdraw from the case. A lawyer "is bound, by all fair and honorable means, to present every defense that the law of the land permits, to the end that no person may be deprived of life or liberty, but by due process of law."[4] But "[h]is appearance in Court should be deemed equivalent to an assertion on his honor that

---

[3] Canon 4, Canons of Professional Ethics of the American Bar Association provides:

"A lawyer assigned as counsel for an indigent prisoner ought not to ask to be excused for any trivial reason, and should always exert his best efforts in his behalf."

See also Canon 15.

[4] Canon 5, Canons of Professional Ethics of the American Bar Association.

in his opinion his client's case is one proper for judicial determination."[5] If he concludes that an appeal would be frivolous, the canons of professional ethics require him to withdraw whether he is paid by the client or by the public.[6] Upon his withdrawal the court is not required to appoint a second counsel at public expense.

We find support for our view in *Ellis v. United States*, 356 US 674, 78 S Ct 974, 2 L Ed2d 1060, 1061-62 (1958). In that case, which involved an appeal in the federal court system, the court held:

"\* \* \* If counsel is convinced, after conscientious investigation, that the appeal is frivolous, of course, he may ask to withdraw on that account. If the court is satisfied that counsel has diligently investigated the possible grounds of appeal, and agrees with counsel's evaluation of the case, then leave to withdraw may be allowed and leave to appeal may be denied."

■ Our procedure is even more solicitous of the defendant's interests than that recognized in the *Ellis* case, because in Oregon an indigent defendant whose counsel has been permitted to withdraw has the right to appeal pro se and the defendant is furnished a transcript at public expense. Upon appeal this court must again examine the record for assigned error. In the course of doing so it also scrutinizes the record for errors not assigned and, as our reports reveal, if

---

[5] Canon 30, Canons of Professional Ethics of the American Bar Association.

[6] "\* \* \* If the client insists upon an unjust or immoral course in the conduct of his case, or if he persists over the attorney's remonstrance in presenting frivolous defenses \* \* \* the lawyer may be warranted in withdrawing on due notice to the client, allowing him time to employ another lawyer." Canon 44, Canons of Professional Ethics of the American Bar Association.

it appears that the defendant has not received a fair trial, we will reverse and remand the cause for a new trial. A defendant is not entitled to any greater protection of his constitutional rights than that afforded by our procedure.

Our conclusion is not inconsistent with *Douglas v. California,* 372 US 353, 83 S Ct 814, 9 L Ed2d 811 (1963). That case held unconstitutional the California procedure whereby the state appellate courts acting without aid of counsel determined the merit of an indigent's appeal and his right to paid counsel. In *Douglas* the petitioner did not have the benefit of his own counsel's appraisal of the record for the purpose of determining whether error had been committed. He is entitled to this protection afforded by the scrutiny of counsel, but he is entitled to no more. It is not reasonable to construe the *Douglas* case to mean that an indigent defendant is entitled to a parade of counsel until he finds one who is willing to present the appeal regardless of its merit.

The judgment is affirmed.