IN RE LEE.

[No. 0-715. Filed May 7, 1964. Rehearing denied October 21, 1964.]

*L. C. Lee, pro se.*

ARTERBURN, J.—The petitioner was convicted of "AC-CESSORY AFTER THE FACT TO INFLICTING PHYSICAL INJURY DURING A ROBBERY" on October 5, 1954, and is a prisoner in the Indiana State Prison serving sentence under such conviction. This is the third time his matters have been before this court. He had private counsel during his first trial but claims, however:

1. That counsel failed to procure a jury trial for him.

2. That a confession that was used in the trial was forged by a detective of the police.

3. That his attorney failed to file a motion for a new trial.

4. And finally, this time before us he claims that the legislature of this state, which passed the law fixing his crime in 1941, was improperly apportioned and unconstitutional.

Our record shows in *Lee* v. *State,* No. 0-474, that beginning in March, 1957, four separate extensions of time were granted by this court for the filing of a transcript and record herein for an appeal, and that on November 7, 1957 the record was filed; that in a per curiam in December, 1957, a petition for certiorari

was denied on the ground that it was not a proper method for an appeal from a proceeding for a writ of error coram nobis. *Lee* v. *Allen Circuit Court* (1957), 237 Ind. 704, 146 N. E. 2d 551.

In September, 1960, the appellant again petitioned for extension of time to file a transcript in the case of *Lee* v. *Dowd,* No. 0-612. A transcript from a judgment against him in the lower court for a writ of habeas corpus was filed, and after a number of extensions of time for the filing of briefs, the judgment of the trial court was affirmed on the ground that habeas corpus could not be used or substituted for an appeal or to collaterally attack a judgment of the trial court. *Lee* v. *Lane* (1961), Cert. Den. (1961), 368 U. S. 858, 82 S. Ct. 98, 7 L. Ed. 2d 55.

The petitioner now asks that we cite the Public Defender of this state to show cause why he should not represent him in an appeal to this court.

We can not assume, upon the failure of counsel to file a motion for a new trial in a case, that a defendant against whom judgment has been rendered is prejudiced, and that error occurred in the trial court. The fact of the matter is that presumption is to the contrary, that no error occurs in the trial court unless shown. It is also assumed that counsel, being competent, would file a motion for a new trial if meritorious grounds existed therefor in his opinion. As a matter of fact, for counsel to file a motion for a new trial or any other pleading in this court in which there is no merit and he knows it, and which is frivolous and not done in good faith, would be grounds for disciplining such an attorney. Likewise in this state, a client is bound by the acts or non-acts of his attorney, whether he be rich or poor, and he can not accept the benefits thereof and reject the undesirable acts or non-acts of his attorney. There are

no allegations nor proof that the attorney in this case was incompetent.

We have, however, in this state recently adopted new rules, (Rule 2-40, *et seq.*) in an attempt to comply with the decisions of the United States Supreme Court, modeled to a large extent after the procedure of the United States Supreme Court in writs of certiorari.

Most of the contentions made by the petitioner in this case are such as should have normally been presented at the trial, and thereafter presented in a motion for a new trial, unless good cause is shown for the delay, which would give rise to a belated motion for a new trial.

We therefore refer this matter to the Public Defender of the State of Indiana, with directions to make an investigation, and if he finds merit exists for the filing of a belated motion for a new trial under the rules of this court, that he proceed accordingly to represent the petitioner and file and present such a petition to the trial court, and that if he fails to find any meritorious grounds therefor, that he make his report to this court, showing cause for not representing the petitioner.

Landis, C.J. and Achor and Myers, JJ., concur.

Jackson, J., concurs in result.

### ON PETITION FOR REHEARING.

ARTERBURN, J.—This is a pauper appeal and in our original opinion we directed the Public Defender to show cause why he should not represent the petitioner.

The petitioner (although he asks us to cite the Public Defender to show cause why he should not represent him) now claims he does not want the Public Defender, and further claims that his original counsel was incompetent, although originally he made

no such charge. All these things come too late. This is the fourth time he has been in this court.[1]

Alleged grounds for appeal cannot be strung out, one at a time, endlessly. Neither can petitioners endlessly request appointment of counsel where they have had counsel and the original counsel found no grounds for appeal. *Speers* v. *Gladden* (March 25, 1964), 237 Ore. 100, 390 P. 2d 635.

The petition for rehearing is denied.

Achor, C.J. and Jackson, Myers and Landis, JJ., concur.

NOTE.—Reported in 198 N. E 2d 231. Rehearing denied 201 N. E. 2d 696.

---

1. See reference to previous instances in: In Re Lee (1964), 0-715, 246 Ind. 7, 198 N. E. 2d 231.