(No. 38338.—

THE PEOPLE OF THE STATE OF ILLINOIS, Appellant, *vs.* RICHARD ZUNIGA (Impleaded), Appellee.

*Opinion filed Sept. 29, 1964.—Rehearing denied Nov. 23, 1964.*

DANIEL P. WARD, State's Attorney, of Chicago, (EDWARD J. HLADIS and JOSEPH V. RODDY, Assistant State's Attorneys, of counsel,) for the People.

AUSTIN L. WYMAN, JR., of Chicago, (STANLEY M. CAHN, of counsel,) appointed by the court, for appellee.

Mr. CHIEF JUSTICE KLINGBIEL delivered the opinion of the court:

Richard Zuniga, an indigent person, was indicted in the criminal court of Cook County for the crime of mur-

der. He was tried by a jury and found not guilty. The attorney appointed by the court to represent him filed a petition for fees and was allowed the sum of $1250 in addition to the statutory maximum of $250 for services and $250 reimbursement for expenses. The order directed that these amounts be paid by the county treasurer. The People objected to the $1250 additional allowance, and appealed to the Appellate Court from the order for payment of fees. The appeal was transferred to this court.

The applicable statute requires the appointment of competent counsel for indigent defendants, and provides for the payment of reasonable. compensation "the total of which shall not exceed the sum of $250 for any defendant." (Ill. Rev. Stat. 1961, chap. 38, par. 730.) To sustain the order the petitioner urges that the statute be held unconstitutional. It is contended that the $250 maximum is not reasonable compensation, at least for the services rendered in this case, that a pauper is entitled not merely to representation but to "effective" representation, and that the State's failure to "reasonably compensate counsel" is an unconstitutional impediment to this guaranty.

On the basis of this record we do not reach the constitutional validity of the statutory limitation since petitioner cannot question it on the grounds here asserted. His contentions are based, not upon his own constitutional rights, but upon those of persons accused of crime. No claim is made by Richard Zuniga that he was not effectively represented, nor that the limited compensation redounded to his detriment, and, obviously, no such argument can be made since he was acquitted of the charge. Nor does petitioner urge the existence of any constitutional guarantees personal to petitioner. The arguments presented are phrased in terms of the effects upon the representation of indigents, generally, and the constitutional challenges thus sought to be made cannot be raised under these circumstances. One who would attack a statute

as unconstitutional must bring himself within the class as to whom the law is allegedly constitutionally objectionable. *Schreiber* v. *County Board of School Trustees,* 31 Ill.2d 121; *Du Bois* v. *Gibbons,* 2 Ill.2d 392, 407-8; *Jaffe* v. *Cruttenden,* 412 Ill. 606, 613; *City of Elmhurst* v. *Buettgen,* 394 Ill. 248, 254; *Tileston* v. *Ullman,* 318 U.S. 44, 87 L. ed. 603.

Insofar as the trial court order allowed counsel fees in excess of the $250 statutory limitation, it is reversed. In all other respects, the order is affirmed.

*Reversed in part and affirmed in part.*