IN RE SOBIESKI.

[No. 0-709. Filed February 17, 1965.]

*John Sobieski,* for petitioner.

ACHOR, J.—Petitioner has filed a *pro se* paper which he entitles "Petition for Issuance of Citation to Public Defender," in which he requests that the public defender be cited to show cause for his refusal to represent petitioner in post-conviction proceedings. Upon examination of the petition the public defender was directed to show cause for such refusal by order of this court. He has filed such return in which he states that said refusal is based upon the lack of merit upon which to predicate an appeal. The public defender's return discloses the following facts: Petitioner was convicted on October 3, 1962 on a charge of driving under the influence of intoxicants, second or subsequent offense, in violation of Burns' Ind. Stat. Anno. §47-2001(b)

(1952 Repl.).[1] Although petitioner was represented by retained counsel, no new trial motion was filed, and petitioner was fined $100 and imprisoned for an indeterminate sentence of one to three years by judgment entered on jury verdict October 17, 1962.

Petitioner charges that he was denied a fair trial and of his right to a timely appeal because of the "negligence, inadequacy and incompetence" of counsel privately selected and employed by him. Such allegations constitute a grave attack on the character and ability of a duly admitted member of the bar of this state and are not to be taken lightly. The presumption is in favor of the competency of such counsel. Furthermore, delay by petitioner in making such charges (about 18 months) is a fact to be considered in determining whether such charges are made in good faith. *In re Lee* (1964), 246 Ind. 7, 198 N. E. 2d 231.

Since we must review the exercises of discretion by the public defender in refusing to represent the petitioner who alleges incompetency of trial counsel as ground for attacking his conviction, see: *Willoughby* v. *State* (1961), 242 Ind. 183, 167 N. E. 2d 881; cert. den. 374 U. S. 832, we find it necessary to consider petitioner's charges of incompetency against trial counsel.

The basis for petitioner's assertion of inadequacy or incompetency of representation by counsel was that numerous errors, designated as "a", "b", "c", "d" and "e" were committed during the trial, but that counsel failed to assert these errors by filing a motion for new trial, in order that these asserted errors might be reviewed by the trial court and, in event of the over-

---

1. Section 47-2001 (b), Burns' Ind. Stat. Anno. (1952 Repl.) was amended in 1963 but the amendment does not apply to this case arising before that date. See: §47-2001 (1964 Supp.).

ruling of the motion, the issues be reserved as grounds for appeal. Since counsel's duty to file a motion for new trial and the duty of the public defender to represent petitioner are dependent upon the ability of such attorneys to find meritorious grounds for such action (see: *In re Lee, supra*), we now examine petitioner's allegations to determine whether they are sufficient to sustain petitioner's allegations:

"a" Petitioner urges that §47-2001(b), *supra*, is unconstitutional. The basis for this assertion is that, for a second or subsequent offense, the statute provides two penalties—one, a fine and determinate sentence to the state farm for not less than a year and the other a fine and an inderminate one to three-year sentence at the state prison. Petitioner's theory is that such a dual provision vests the prosecutor with uncontrolled discretion to deny equal protection by instituting drunken driving prosecutions in city or magistrate courts where the jurisdictional limits would eliminate the possibility of the maximum penalty.

This theory misconceives the law. Despite the fact that two penalties are prescribed, the offense of which petitioner was convicted is a felony because the law provides a possibility of imprisonment. *Paneitz v. State* (1965), — Ind. —, 204 N. E. 2d 350; *Hicks v. State* (1898), 150 Ind. 293, 50 N. E. 27; 1 Ewbank's Indiana Criminal Law §2, p. 2; Burns' Ind. Stat. Anno. §9-101 (1956 Repl.). The possibility of a lesser than felony penalty in some states is termed a reducible felony but the offense is a felony nevertheless. Since the offense is a felony, the jurisdiction of city or magistrate courts if presented with a second or subsequent offense of driving under the influence is limited to the holding of a preliminary hearing to determine probable cause for holding for trial by a court of competent jurisdiction. See: *State ex rel. Hale v. Marion Mun. Ct., Barton, J.*

(1955), 234 Ind. 467, 127 N. E. 2d 897. See also: Burns' Ind. Stat. Anno. §§4-2402 and 4-2502 (1964 Supp.). Consequently, all offenders would be tried before a court competent to administer the maximum penalty and there is no constitutional infirmity as suggested by petitioner.

"b" Petitioner's second contention is that allegations of prior convictions for driving under the influence which were set out in the affidavit on which he was tried prejudiced the jury and deprived him of a fair trial. Since prior convictions are an element of the offense with which petitioner was charged, such convictions are a matter to be alleged and proven. *Buchta* v. *State* (1955), 234 Ind. 295, 126 N. E. 2d 151. Petitioner's second contention, therefore, is without merit also.

"c" Petitioner under this point characterizes the court's Instruction No. 8 as erroneous and prejudicial. He asserts that the instruction "authorized the jury to convict the petitioner upon a finding of facts that could not constitute guilt, by which petitioner was denied the substantial right to have his guilt or innocence determined by a jury." The instruction was as follows:

"You are instructed that if you find from the facts presented to you that the defendant, John Alphonso Sobieski was operating a motor vehicle on a public highway on the 23rd day of March, 1962, while under the influence of intoxicating liquor, and you further find that he has been convicted on this same charge on one or more previous occasions, then it is your duty to return a verdict of guilty; if not, then your verdict should be not guilty."

It is true that the instruction did not take into consideration the possibility of guilt for the lesser included

offense of driving while under the influence, minus the element of a prior conviction. See: *Watford* v. *State* (1957), 237 Ind. 10, 143 N. E. 2d 405. However, instructions regarding included offenses may be waived. Counsel may adopt a strategy of requiring the jury to find his client guilty of the maximum offense charged, or not at all. Here counsel neither objected to the court's instruction nor requested an instruction on lesser included offenses. Consequently, the alleged failure of which petitioner complains will be considered to have been waived and not to be an error on which relief could be predicated. *Barker* v. *State* (1958), 238 Ind. 271, 150 N. E. 2d 680; *Bowman* v. *State* (1934), 207 Ind. 358, 192 N. E. 755; *Reynolds* v. *State* (1897), 147 Ind. 3, 46 N. E. 31; 1 Ewbank's Indiana Criminal Law §448, p. 286.

"d" Petitioner next contends that "the court failed to instruct the jury that it was required to fix the penalty if it found that Petitioner was guilty of the misdemeanor portion of the charge." It is alleged that such failure denied the petitioner the right to have the jury set the penalty at less than the one to three-year maximum.

Since we do not have the transcript of the record before us, we cannot be certain as to the exact content of the instruction given. However, we assume that the court gave an instruction regarding the "misdemeanor portion of the charge," in event of a finding of guilty. Failure to instruct the jury that it was required to fix the penalty in such an event, is merely an academic issue under the fact of this case as the jury determined that penalty should be imposed under the "felony provision," rather than under the "misdemeanor provision," of which they were obviously given positive instruction.

"e" The substance of petitioner's final contention is

an allegation that the jury verdict indicated only a fine of $100 to which the court, after discharging the jury, added the indeterminate one to three-year sentence. Again this point is based on a misconception of the legal effect of the verdict.

The verdict, as set out by petitioner, states:

> "We . . . find the defendant . . . guilty of driving while under the influence of intoxicating liquor, second and subsequent offense *under the felony provision,* and fine him in the amount of $100. We further find his age to be 48 years." [Emphasis added.]

Although the verdict is informal, it is not fatally defective, because the import of the jury's action is so patently clear that the court had no alternative or discretion as to the required judgment. See: *Summers* v. *State* (1926), 198 Ind. 241, 151 N. E. 615; 1 Ewbank's Indiana Criminal Law §445, p. 282. Under §47-2001 (b), *supra* (1952 Repl.), the "felony provision" required a fine not to exceed $500 (set at $100) and a one to three-year indeterminate sentence is mandatory. Consequently, imposition of the imprisonment term by the court was not an addition but merely the carrying into effect of the jury verdict.

There being no error as to any of the points raised by petitioner which would constitute grounds for a new trial, failure of counsel to file such a motion or to prosecute an appeal does not sustain petitioner's allegation of incompetent or inadequate representation. Furthermore, the lack of merit in the petition sustains the public defender's refusal to represent petitioner.

Petition denied.

Arterburn, C. J., Landis & Myers, concur.

Jackson, J., concurs in the result only.

NOTE.—Reported in 204 N. E. 2d 353.