James V. **DOLAN**, Appellant,

v.

**UNITED STATES of America,**
**Appellee.**

**No. 22454.**

United States Court of Appeals
Fifth Circuit.

Oct. 8, 1965.

James V. Dolan, Fort Lauderdale, Fla., pro se.

Welsh, Cornell, Pyszka & Carlton, Fort Lauderdale, Fla., for appellant.

Lloyd G. Bates, Jr., Asst. U. S. Atty., Miami, Fla., William A. Meadows, Jr., U. S. Atty., Robert C. Josefsberg, Asst. U. S. Atty., Miami, Fla., for appellee.

Before TUTTLE, Chief Judge, THORNBERRY, Circuit Judge, and CARSWELL, District Judge.

PER CURIAM:

There was no error in the district court's dismissal of this claim by an attorney for compensation for his professional services rendered in the representation of an indigent defendant by court appointment prior to the enactment into law of the Criminal Justice Act of 1964.

We are in full accord with the rationale of the Ninth Circuit in its opinion in United States v. Dillon, 346 F.2d 633, decided June 16, 1965, wherein it was said:

"* * * the obligation of the legal profession to serve indigents on court order is an ancient and established tradition, and * * * appointed counsel have generally been compensated, if at all, only by statutory fees which would be inadequate under just compensation principles, and which are usually payable only in limited types of cases. Further, * * * the vast majority of the courts which have passed on the question have denied claims of appointed counsel for nonstatutory just compensation, pointing out that representation of indigents under court order, without a fee, is a condition under which lawyers are licensed to practice as officers of the court, and that the obligation of the legal profession to serve without compensation has been modified only by statute. An applicant for admission to practice law may justly be deemed to be aware of the traditions of the profession which he is joining, and to know that one of these traditions is that a lawyer is an officer of the court obligated to represent indigents for little or no compensation upon court order. Thus, the lawyer has consented to, and assumed, this obligation and when he is called upon to fulfill it, he cannot contend that it is a 'taking of his services.' Cf. Kunhardt & Company, Inc. v. United States, 266 U.S. 537, 45 S.Ct. 158, 69 L.Ed. 428 (1925)."

The order of the district court denying petition for compensation is, therefore,

Affirmed.