444 P.2d 1005 (1968)
In the matter of Valerie Mae Mitchell, John Charles Mitchell, Floydette Mitchell, Veronica Rose Mitchell, Children.
STATE of Oregon, Respondent,
v.
Veronica Tias JAMISON, Appellant.
Supreme Court of Oregon, In Banc.
Submitted August 20, 1968.
Decided September 5, 1968.
Thomas M. Mosgrove, Pendleton, for the motion.
Before PERRY, C.J., and McALLISTER, SLOAN, O'CONNELL, GOODWIN, DENECKE and HOLMAN, JJ.
PER CURIAM.
Following our decision in the above entitled matter, counsel has applied for reasonable attorney fees on appeal. Such fees would have to be taxed against Umatilla County.
Notwithstanding our holding that the state may not constitutionally terminate parental rights in a proceeding in which indigent parents are denied counsel, we must reluctantly hold that we have no authority to tax attorney fees on appeal against the state or one of its subdivisions. State ex rel. Nilsen v. Adams, Or., 431 P.2d 270 (1967); Uris v. State Compensation Department, Or., 430 P.2d 861 (1967).
Unlike the circuit courts, which have been given general and equitable jurisdiction (ORS 419.474) and which may make provision for attorney fees in any case on behalf of a child (ORS 419.498), this court has no express authority to allow attorney fees in cases brought under ORS ch. 419. Our attention has been called to no statute which allows us to enter a money judgment against a governmental subdivision in this case.
In the absence of statutory authority to tax attorney fees against a party or a political subdivision of the state, we have refrained from doing so. See State ex rel. Nilsen v. Adams, supra. See, also, ORS 138.500 as amended by Oregon Laws 1961, ch. 480, § 2(3), which provides in detail for the taxation of attorney fees in post-conviction appeals, and Spencer v. Gladden, 230 Or. 162, 165, 369 P.2d 129 (1962). Until the Legislative Assembly makes provision for the payment of attorney fees by the appropriate governmental subdivision, attorneys laboring in this court remain in the position of court-appointed counsel in criminal cases prior to the adoption of the legislation which now permits the payment of reasonable fees. The petition is, accordingly, denied.