STANLEY H. BROWN, PETITIONER, v. BOARD OF COUNTY COMMISSIONERS OF WASHOE COUNTY AND DONALD J. QUESTA, AUDITOR AND TREASURER OF WASHOE COUNTY, RESPONDENTS.

No. 5710

March 12, 1969                    451 P.2d 708

*Echeverria & Osborne,* and *Byron K. Meredith,* of Reno, for Petitioner.

*William J. Raggio,* District Attorney, and *Wilbur H. Sprinkel,* Deputy District Attorney, Washoe County, for Respondents.

## OPINION

By the Court, THOMPSON, J.:

The issue, presented to us by an original proceeding for a writ of mandate, is whether NRS 7.260 limiting compensation to $300 for a court appointed attorney in a non-capital criminal case, is unconstitutional if applied to the circumstances before the court. It is not contended that the statute is unconstitutional per se.

The petitioner, attorney Stanley Brown, seeks to compel the County Commissioners to provide funds from which the county auditor may draw his warrant in the sum of $11,624.23 payable to petitioner, and from which the County Treasurer may pay the same. Brown was appointed to represent an indigent defendant in a non-capital criminal case prosecuted by the State of Nevada. He practices alone. By reason of the complexity and length of the trial, he was forced to associate counsel in other matters; was unable to see other clients for over two months; lost several regular clients, and was compelled to return retainers in excess of $1,000. He filed several petitions for compensation with various departments of the district court, and orders were entered thereon awarding compensation in the total amount of $11,624.23. These court orders were tendered to the County Auditor and referred by him to the County Commissioners who denied the claims as being in excess of the statutory limit of $300. This proceeding ensued.

1. In the absence of a statute providing for compensation a lawyer, upon court order, is obliged to represent an indigent without recompense. United States v. Dillon, 346 F.2d 633 (9 Cir. 1965); Dolan v. United States, 351 F.2d 671 (5 Cir. 1965); cases collected Annot. 18 A.L.R.3d 1074 (1968).

Essential service without regard to financial reward is one of the great traditions of the legal profession. "I will never reject, from any consideration personal to myself, the cause of the defenseless or oppressed," reads the oath of an attorney.

Of course, a lawyer does not owe free representation to any and every indigent who chooses to demand it of him. His duty is owed to the court and it is the court's call that he is obliged to answer. State v. Rush, 217 A.2d 441, 447 (N.J. 1966). It follows that the duty thus imposed is an incident of the license to practice law, and the power to deal with it reposes in the judicial branch of government which is charged with the responsibility for the terms and conditions of the right to practice. Whether that power carries with it an authority to direct compensation for professional services beyond limits legislatively imposed is the question before us.[1]

2. In 1879 this court ruled that the legislative limit for compensation could not be enlarged by court order. At that time the statute provided that court appointed counsel was entitled to receive such fee as the court may fix "not to exceed fifty dollars." Washoe County v. Humboldt County, 14 Nev. 123 (1879). The court there noted that in the absence of statute the attorney would be obliged to honor the court appointment and to defend without compensation. Id. at 128.

During the past decade new constitutional concepts of criminal justice and the complexity of our social problems have dramatically increased the burden upon the legal profession. The announced goal is equal justice for the rich and poor alike. The presence and assistance of counsel now is required at all critical stages of a criminal proceeding, and sometimes to press collateral post-conviction applications. The enlargement of federally protected rights demands a greater degree of specialized knowledge and proficiency on the part of

[1]Statutes enacted to cover this situation fall generally into two groups, those allowing a "reasonable sum" as compensation to be determined by the court [Hill v. Superior Court, 293 P.2d 10 (Cal. 1956); Spencer v. Gladden, 369 P.2d 129 (Ore. 1962); Conway v. Sauk County, 120 N.W.2d 671 (Wis. 1963)], and those fixing a maximum limit within which the court may exercise its discretion [Washoe County v. Humboldt County, 14 Nev. 123 (1879); People v. Zuniga, 202 N.E.2d 31 (Ill. 1964)]. And even those states which allow a reasonable compensation to be fixed by the court recognize that what may be reasonable for the representation of an indigent defendant may be far from what is considered reasonable as between counsel and a solvent client in a private transaction. Hill v. Superior Court, supra; State v. Horton, 170 A.2d 1 (N.J. 1961).

assigned counsel. The cost of criminal justice is increasing. As a consequence, many jurisdictions have adopted a public defender system for the indigent accused, thereby placing the cost upon the taxpayer. The federal government has enacted the criminal justice act which provides greater relief for assigned counsel than exists under state statutes similar to ours. It is apparent that the members of the bar should not be required to absorb the full costs of the defense of the indigent. A permanent solution of this problem properly rests with the legislative branch of our government since it is charged with the responsibility of appropriating public funds for public purposes, and we invite legislative action.

3.   In extraordinary circumstances the Illinois Supreme Court ruled that court appointed attorneys representing indigents were entitled to receive compensation in excess of the statutory limit. People v. Randolph, 219 N.E.2d 337 (Ill. 1966). The court found that its inherent power to appoint counsel "necessarily includes the power to enter an appropriate order ensuring that counsel do not suffer an intolerable sacrifice and burden and that the indigent defendants' right to counsel is protected." Id. at 340.

The circumstances before the Illinois court were indeed extraordinary. The court appointed counsel were engaged in defending four indigent inmates who were indicted for the alleged murders of three prison guards during the course of a riot at the prison. The trial occurred in a county some distance from the homes and offices of counsel, and they were forced to maintain two residences, spend large out-of-pocket sums for investigation costs and expert witness fees, and were totally unable to carry on their private practice of law. The first nine weeks of the trial were consumed in selecting a jury. When the petition for fees and motion to withdraw as counsel was presented to the trial court, the state had examined 16 witnesses and intended to call 60 to 100 more during its case in chief. One of the attorneys was on the brink of insolvency, and the others were unable to continue payment of current trial costs. In short, court appointed counsel were faced with financial ruin if compelled to continue the trial without relief. Further, had counsel been permitted to withdraw the trial would have had to start anew. In these extreme circumstances the court came to the relief of counsel and distinguished its prior decision of People v. Zuniga, 202 N.E.2d 31 (Ill. 1964), which disallowed an award of fees in excess of the statutory maximum, pointing out that in the latter case there had been

no showing of undue hardship, or that the indigent's right to counsel had in any way been impaired.

In the case at hand the petitioner's situation does not meet the "extraordinary circumstances" test of the Randolph case. His showing below implies no more than a reduction in income, but by no means can be classified as indicating financial ruin. For this reason we decline to apply the rationale of the Randolph decision to the circumstances of this case.

The obligation of counsel to assume the burden of defending indigents necessarily involves personal sacrifice. It is to be presumed that courts charged with the appointment of counsel will never so burden one, or a few, members of the bar to the exclusion of others. We commend the petitioner for his services in this case. His willingness to assist the court is in the highest tradition of our profession, and brings honor to him, and to the bar as well. Our commendation may be an inadequate exchange for his personal sacrifice. Nonetheless, it is sincerely offered, and we repeat our invitation for legislative correction. This burden should be passed to the taxpayers, and the members of the bar, as taxpayers, will, of course, share in it.

Petition denied.

COLLINS, C. J., ZENOFF and MOWBRAY, JJ., concur.

BATJER, J., concurring:

I concur with the other members of the court in this opinion. The legislature of this state has long ago determined that lawyers appointed to represent indigents should be compensated for their services. The inequity that presently exists in the statutory compensation should be alleviated by the legislature.

I agree with the holding in the case of People v. Randolph, 219 N.E.2d 337 (Ill. 1966), but I would go further and hold that courts have the inherent power to enter an appropriate order ensuring that counsel do not suffer an intolerable sacrifice and burden. No particular segment of our population should be required to bear an unreasonable financial burden that belongs to society as a whole.

In the event the legislature fails to provide a system of reasonable compensation for lawyers appointed to defend indigents, this court should invoke its inherent power.