DARRELL R. DAINES, CLARK COUNTY COMPTROLLER, APPELLANT, *v.* DANIEL MARKOFF AND MARTIN R. BOYERS, RESPONDENTS.

No. 8499

EARL W. WHITE, JR., AND ANTHONY M. EARLE, APPELLANTS, *v.* DARRELL R. DAINES, CLARK COUNTY COMPTROLLER, RESPONDENT.

No. 8625

DARRELL R. DAINES, CLARK COUNTY COMPTROLLER, APPELLANT, *v.* EIGHTH JUDICIAL DISTRICT COURT, RESPONDENT.

No. 8729

October 20, 1976                    555 P.2d 490

*George E. Holt,* District Attorney, and *Thomas J. Moore,* Deputy District Attorney, Clark County, for Darrell R. Daines.

*Robert N. Peccole,* of Las Vegas, for Earl W. White, Jr. and Anthony M. Earle.

*Daniel Markoff* and *Martin R. Boyers,* of Las Vegas, for themselves.

*Cromer, Barker & Michaelson,* and *Frank Cook,* of Las Vegas, for Judge Paul S. Goldman.

## OPINION

By the Court, THOMPSON, J.:

The above-entitled cases have been consolidated for appeal since each concerns the award of fees to court appointed counsel for persons charged with criminal offenses.

In case No. 8499 the district court directed Clark County to pay fees to court appointed attorneys Markoff and Boyers in excess of the statutory limit then in existence. Markoff and Boyers represented Albert Oneal Scott charged with noncapital murder and attempted murder. NRS 7.260, since amended, then limited compensation for counsel to "$300 for services in the district court unless the crime is punishable by death in which event the fee shall not be set at more than $1,000." The district court believed that NRS 354.170 authorized such payment, and that, in any event, the court possessed inherent power to direct such payment. The County Comptroller has appealed from that order.

Case No. 8625 is an appeal by attorneys, White and Earle, from an order of the district court dismissing their petition for a writ of mandamus to compel Clark County to pay them fees in excess of the authorization stated in NRS 7.260. The attorneys had been appointed to defend a person charged with a capital offense and compensation for each, therefore, was limited to $1,000 by the statute. The court found that extraordinary circumstances justifying greater compensation were not present.

Case No. 8729 is an appeal from a judgment finding the Clark County Comptroller in contempt for his refusal to pay attorneys fees in excess of $300 for court appointed service in a noncapital case wherein ten counts were charged. The court reasoned that it could award compensation on a per count basis, rather than on a case basis, thereby enabling a greater fee than $300.

1. In Brown v. Board of County Comm'rs, 85 Nev. 149, 451 P.2d 708 (1969), we ruled that, in the absence of extraordinary circumstances, a court is without power to direct compensation for professional services beyond limits legislatively imposed. We there noted that in the absence of statute an attorney would be obliged to honor the court appointment and to defend without compensation; that such duty is an incident of the license to practice law; and that a permanent solution of the problem must rest with the legislative branch of our government since it is charged with the responsibility of appropriating public funds for public purposes.[1] We also indicated that

---

[1] The legislature enacted a new fee law effective May 20, 1975. See: NRS 7.125. This law provides for additional compensation. The professional services rendered in the cases before us predate the new law.

in extraordinary circumstances a court possessed the inherent power to award fees in excess of the statutory maximum, citing the Illinois case of People ex rel. Conn v. Randolph, 219 N.E.2d 337 (1966).

In our view, *Brown,* supra, is dispositive of the cases before us. Extraordinary circumstances justifying resort to the court's inherent power are not present in any of the three cases under review. To be sure, personal sacrifice and perhaps a reduction in personal income occurred in each instance, as happened in the *Brown* case. These factors, however, do not qualify as "extraordinary circumstances." As in *Brown,* we wish once more to commend the several counsel for their services in the cases at hand. Their willingness to respond to the court's call is in the highest tradition of our profession, and brings honor to them and to the profession as a whole.

2. In case No. 8499, the district court believed that NRS 354.170 authorized a greater payment. That statute provides ". . . in every case in which the district court or district judge is authorized by law to order any money to be paid out of the county treasury, such order shall be first presented to the county auditor, who shall number and register the same, and he shall issue his warrant on any fund in the county treasury not otherwise specially appropriated or set apart."

That statute is inapposite since the precondition "in which the district court or district judge is authorized by law to order any money to be paid" does not exist. The legislature did not authorize payment other than within the limits of NRS 7.260, nor was the court permitted to exercise its inherent power for the reasons already expressed.

3. In case No. 8729, a noncapital case, ten separate counts were contained in the charge filed against the defendant. The court awarded compensation on a per count basis, thereby enabling a greater fee than $300.

The statute, NRS 7.260, does not authorize a per count compensation. It only authorizes, within the expressed limit, compensation for "services in a district court on behalf of a person charged with any offense by indictment or information." We read such language to mean compensation on a per case as distinguished from a per count basis.

4. Constitutional challenges to NRS 7.260 are tendered. It is claimed that the statute allows a taking of an attorney's services for public use without just compensation; denies equal protection of the law; and permits the taking of property without due process. Nev. Const. art. 1, § 8; U.S. Const. amend. V and amend. XIV.

The professional obligation to respond to the call of the court is an incident of the privilege to practice law, and does not offend constitutional commands. United States v. Dillon, 346 F.2d 633 (9th Cir. 1965); State v. Rush, 217 A.2d 441 (N.J. 1966); Lindh v. O'Hara, 325 A.2d 84 (Del. 1974). Neither our state constitution nor the federal constitution precludes service to indigents without "full" compensation.

5. In case No. 8729, the court ordered the Comptroller to pay counsel fees greater than allowed by statute, and when the Comptroller refused to do so, found him in contempt.

· For reasons already stated, the court was without power to order such payment. One may not be held in contempt of a void order. Ex Parte Gardner, 22 Nev. 280, 39 P. 570 (1895); Cline v. Langan, 31 Nev. 239, 101 P. 553 (1909); Culinary Workers v. Court, 66 Nev. 166, 207 P.2d 990 (1949).

Therefore, we affirm case No. 8625, and reverse cases Nos. 8499 and 8729.

BATJER, ZENOFF, and MOWBRAY, JJ., concur.

GUNDERSON, C. J., concurring:

I concur generally in the views expressed by Justice Thompson, but feel a brief further comment is warranted.

In granting fees in excess of the limits legislatively fixed, the court did not act "of course," but entertained "special motions" as to which notice and hearing was requisite. See, for example, Maheu v. District Court, 88 Nev. 26, 493 P.2d 709 (1972), and authorities cited therein. Thus, the orders granting fees in excess of those that the statute routinely authorizes were void.

If the Comptroller had been afforded notice and an opportunity to be heard, and if the record reflected a case of truly extraordinary proportions or complexity, making fees in excess of the statutory amount clearly necessary in order to avoid inordinate hardship upon counsel, then an award in excess of the statutory limit would be proper.