ROBERT ARCHIE, APPELLANT, v. THE STATE OF NEVADA, RESPONDENT.

No. 8709

December 30, 1976                    557 P.2d 1153

*Robert Archie, Thorndal and Liles, Ltd.,* and *A. Bill Maupin,* Las Vegas, for Appellant.

*George E. Holt,* District Attorney, and *H. Leon Simon,* Deputy District Attorney, Clark County, for Respondent.

## OPINION

*Per Curiam:*

On Monday, February 9, 1976, appellant, Robert Archie, was adjudged in contempt of court for his failure to proceed with trial as appointed defense counsel. Claiming the adjudication was an abuse of discretion, Archie has appealed.

The defense below—and argument here—relies on a motion to withdraw which was first offered for consideration on Thursday, February 5, 1976. Since the accused was not present, resolution of the motion was continued until the next day, Friday, February 6, 1976, at which time it was denied. The following Monday, when the case was called for trial, Archie refused to proceed. He was cited for contempt and ordered to pay a fine commensurate with the travel costs of a prosecution witness.

Archie's attempt to withdraw as appointed counsel was precipitated by a prior dispute regarding efforts to obtain payment for his services, in excess of the amount provided by statute.

Apparently he had been permitted to withdraw from other cases; however, here, he neither served notice of his intention to withdraw on the district attorney, nor filed the same with the clerk of the district court more than 10 days prior to the

trial date, as required by Eighth Judicial District Court Rule XXVI.

The recited circumstances do not compel us to say that the trial judge abused his discretion. See: Brown v. Board of County Comm'rs, 85 Nev. 149, 451 P.2d 708 (1969), where this court ruled that, notwithstanding inadequate remuneration, it is the obligation of every attorney to represent indigent defendants as an incident to practicing law.

Affirmed.