On petitioners' separate motions for attorney fees filed April 13,
motions denied November 29, 1978

DONALD PENROD, *Petitioner,*
*v.*
CUPP, *Respondent.*
(TC 96355, CA 7282, SC 25615)

ROBERT E. BROWN, *Petitioner,*
*v.*
CUPP, *Respondent.*
(TC 98593, CA 8561, SC 25616)

587 P2d 96

R. Michael Healey of Bell & Bell, Stayton, for the motions.

Catherine Allan, Assistant Attorney General, Salem, James A. Redden, Attorney General, and Walter L. Barrie, Solicitor General, contra.

PER CURIAM.

## PER CURIAM.

Petitioners in these habeas corpus cases, *Penrod v. Cupp* and *Brown v. Cupp,* 283 Or 21, 581 P2d 934 (1978), were represented by counsel appointed by the circuit court for Marion County. The court also appointed counsel to represent petitioners on appeal. They now move this court for an order awarding attorney fees for counsel's services on petition for review in this court. The petition for attorney fees does not specify to whom the order should be directed or from what funds the fees should be paid. Because the legal authority for the requested award of attorney fees seemed doubtful, we requested memoranda from petitioners' counsel and from the Attorney General and the District Attorney of Marion County.

■ This court has considered it improper to enter a money judgment for attorney fees on appeal against a governmental subdivision in the absence of statutory authority. Even when the appointment of counsel is itself constitutionally required, the court will not relieve counsel from the professional duty to render the required services without compensation if no law provides for public payment of such compensation. *State v. Jamison,* 251 Or 114, 120, 444 P2d 15, 444 P2d 1005 (1968).

■ The Attorney General takes the position that there is no statutory authority for awarding attorney fees for the services of appointed counsel in general habeas corpus proceedings.[1] ORS 138.500 provides for attorney fees for appointed counsel on appeal in a "criminal action" or a proceeding under the Post-Conviction Hearing Act, ORS 138.510-138.680, payable by the county in which the judgment was rendered, but a petition for habeas corpus is neither a "criminal action" nor a statutory post-conviction proceeding.

---

[1] With respect to attorney fees when habeas corpus is used to challenge extradition proceedings, see *State ex rel Roby v. Mason,* decided today.

[ 419 ]

■ Petitioners cite ORS 21.720, which reads:

> When any service shall be performed by an officer of or person appointed by the circuit court or Supreme Court, for which no compensation is provided by law, the officer or person shall be entitled to such fee or compensation as the court may direct and order. When under like circumstances such service shall be performed otherwise than in the circuit or Supreme Court, the compensation shall be prescribed and ordered by the county court of the proper county.

This statute originated as one section of an 1864 enactment which specified fees payable to a number of court officers and other persons rendering part-time or ad hoc service to the court rather than to the litigants. Deady 739, §16. It seems never to have been thought to relate to the designation of a lawyer to represent an indigent litigant, a function which, while an important and valuable public service, would undoubtedly have been regarded as the performance of a professional obligation on behalf of the litigant. The attorney general suggests that, whether or not compensation may be ordered by the circuit court that appointed counsel in the first place, or possibly by the "county court of the proper county," the statute does not give this court authority to hold the county liable for services rendered under an appointment by the circuit court. We agree with the attorney general.

■■ The question has practical importance in the provision of legal representation for indigent prisoners. In discussing the relationship between habeas corpus and other remedies in the original decision of these cases, we wrote:

> One reason urged for the writ of habeas corpus as the all-purpose challenge to conditions of imprisonment is that, under present practice, the Marion County Circuit Court routinely appoints counsel to represent indigent inmates in habeas corpus proceedings, and that the court may fail to do so in other forms of civil proceedings, although the proper selection and pleading of these remedies involve greater legal intricacies. This is one factor that will bear on whether the civil remedies made

[ 420 ]

accessible by ORS 137.275, or a prompt and impartial administrative alternative that might be devised, can effectively provide review of alleged mistreatement . . .

283 Or at 27-28, n. 7. In view of the legislative policy of providing for payment of attorney fees to appointed counsel representing indigent persons in criminal appeals and in pursuing post-conviction remedies, ORS 138.500, as well as in certain other criminal proceedings, ORS 135.045-135.055, the fact that habeas corpus happens to fall outside these sections may result in an anomaly, but it is an anomaly for legislative solution. Petitioners point out that attorney fees on appeal have in fact been allowed by the Court of Appeals in several similar habeas corpus cases and by this court in *Bekins v. Cupp,* 274 Or 115, 545 P2d 861 (1976), and urge that it would be "unfair" to disappoint expectations of a fee thus created. However, if the allowance of fees in the earlier instances lacked a legal basis, that allowance cannot provide such a basis for the present case. Until the appellate courts are authorized to award attorney fees on appeal in habeas corpus cases to counsel appointed by circuit courts, this court can offer counsel only the satisfaction of having carried out a worthwhile and necessary professional responsibility.