STATE ex rel ROBY, *Petitioner,*

*v.*

MASON, *Respondent.*

(TC A 7712 17198, TC C 7710 13989, CA 9999)

587 P2d 94

Forrest N. Rieke, Portland, for the motion.

Catherine Allan, Assistant Attorney General, Salem, James A. Redden, Attorney General, and Walter L. Barrie, Solicitor General, contra.

PER CURIAM.

## PER CURIAM.

Petitioner applied to the circuit court of Multnomah County for a writ of habeas corpus to contest the legality of his arrest for purposes of extradition. ORS 133.787. The circuit court appointed counsel to represent petitioner on appeal of the court's denial of the writ. Petitioner now moves this court for an order allowing attorney fees incurred in the preparation of his petition for review of the decision of the Court of Appeals affirming the trial court.

■ Petitioner cites ORS 138.500 as authority for allowing an attorney fee, but that section applies only to a "criminal action," or a statutory post-conviction proceeding. A petition for a writ of habeas corpus ordinarily is neither of these. *See Penrod/Brown v. Cupp,* 284 Or 417, 587 P2d 96 (1978), decided today.

■ When habeas corpus is used to test a demand for extradition, ORS 135.050(3)(c) requires a magistrate or court to appoint counsel when requested by an indigent defendant, and ORS 135.055 provides for the compensation of counsel so appointed. However, these sections do not speak expressly to the issue of compensation on appeal. ORS 135.050(4) provides that the appointment of counsel, unless otherwise ordered, "shall continue during all criminal proceedings resulting from the defendant's arrest through acquittal or the imposition of punishment." It is doubtful how far it can continue in extradition proceedings, since the eventual acquittal or imposition of punishment is not adjudicated in this state, but the term "criminal proceedings" in ORS 135.050(4) is defined in ORS 131.005(7) to mean "any proceeding which constitutes a part of a criminal action or occurs in court in connection with a prospective, pending or completed criminal action." Since an appeal in an extradition case is a proceeding in a court in connection with a criminal action, we think ORS 135.050(4) meant the appointment of counsel to continue through the appellate states in this state unless otherwise ordered.

[ 429 ]

The question remains which court may award attorney fees. ORS 135.055 provides that counsel appointed under ORS 135.050 "shall, by order of the court, and subject to the approval of the governing body of the county, be paid [fair compensation] by the county in which the proceeding is had, . . ." The reference to "the" court, in the context of an appointment of counsel in the circuit court and of approval by the governing body of the county in which the proceeding is had, appears to point plainly to the trial court. The appellate courts ordinarily sit in Marion County and occasionally in another county, counties that have no concern with most proceedings on appeal. Accordingly, we conclude that application for attorney fees on appeal under ORS 135.055, when available at all, must be made to the court that made the appointment or conducted the original proceedings. Petitioner's motion to this court to award attorney fees is denied.