On petition for attorney fees filed September 25, 1980,
petition denied January 7, 1981

## STATE ex rel CURVEY,
*Petitioner,*

*v.*

## MASON,
*Respondent.*

(TC C 7908 32618, CA 16166, SC 27148)

621 P2d 578

John W. Savage, of Rieke, Geil & Savage, Portland, for the motion.

Melinda L. Bruce, Deputy County Counsel, and John B. Leahy, County Counsel for Multnomah County, contra.

PER CURIAM.

## PER CURIAM.

As in *State ex rel Roby v. Mason,* 284 Or 427, 587 P2d 94 (1978), we have before us a petition by appointed counsel in a habeas corpus challenge to extradition for an allowance of attorney fees incurred in petitioning this court for review. In Roby's case we found no statutory authority for this court to award fees in such a proceeding.

In 1979, a new section concerning attorney fees, ORS 34.355, was added to the statutory provisions for writs of habeas corpus. It provides:

> "If counsel is appointed by a court to represent, in an initial proceeding by habeas corpus or on appeal as provided in ORS 34.710, a person who is imprisoned or otherwise restrained of liberty by virtue of a charge or conviction of crime and who is unable to afford counsel, the court shall determine and allow compensation for counsel and costs and expenses of the person in the proceeding or on appeal. Compensation for counsel and expenses of the person in an initial proceeding or in a circuit court on appeal shall be determined and allowed as provided in ORS 135.055. Compensation for counsel and costs and expenses of the person on appeal to the Court of Appeals or on review by the Supreme Court shall be determined and allowed as provided in ORS 138.500. The compensation, costs and expenses so allowed shall be paid by the county in which the person was charged or convicted of crime."

The question is whether this section gave this court the authority found to be lacking in *Roby.*

■■ We conclude that it failed to do this. The final sentence of the new section states that compensation, costs and expenses allowed under that section "shall be paid by the county in which the person was charged or convicted of crime." When habeas corpus is used to challenge extradition, this sentence does not identify any county in this state. It may well be that in enacting ORS 34.355 for habeas corpus proceedings generally, the legislature did not exclude extradition challenges on purpose but only by oversight; if so, only further legislation can correct it. Meanwhile, when counsel is appointed for such proceedings under ORS 135.050(3)(c), which we interpreted in *Roby* to include the appellate stages unless otherwise ordered, "application for attorney fees on appeal under ORS 135.055,

when available at all, must be made to the court that made the appointment or conducted the original proceedings." 284 Or at 430.

The petition to this court to award attorney fees is denied.