KEITH L. BRACKENBROUGH, Appellant, *v.* THE STATE OF NEVADA, Respondent.

No. 7862

August 6, 1976                    553 P.2d 419

*Halley & Halley,* Reno, for Appellant.

*Robert List,* Attorney General, Carson City; *Larry R. Hicks,* District Attorney, Washoe County, for Respondent.

## OPINION

*Per Curiam:*

Counsel who represented Keith L. Brackenbrough in this appeal, which was summarily resolved in July, 1975 (Brackenbrough v. State, 91 Nev. 487, 537 P.2d 1194 (1975)), has now filed an undocumented motion in this court requesting payment of attorney's fees.

The record in this case was returned to the Second Judicial District Court, Washoe County, in August, 1975, after remittitur issued; therefore, we are unable to ascertain (1) whether appellant was, in fact, an indigent and counsel was duly appointed to prosecute this appeal; or, (2) on what charges appellant was before the court. See NRS 7.125(2). This, and other data, properly documented, is essential to the motion.

In 1875, our legislature first recognized an obligation to implement a means of compensating counsel appointed to represent indigents in criminal proceedings. See Stats. of Nev. 1875, ch. 86, p. 142. In the ensuing century the statute was amended on eight (8) separate occasions, several of which provided for an increase in the amount of compensation payable to appointed counsel. The most recent amendment, codified as NRS 7.115–NRS 7.165, places Nevada lawyers who are appointed to represent indigents in the state courts, on a par, "financially," with lawyers appointed—and paid—by the Federal Courts. The fiscal portions of the statute (Stats. of Nev. 1975, ch. 612, pp. 1153–56) were patterned, in part, on the Federal Criminal Justice Act (18 U.S.C. § 3006A), first enacted in 1964 and amended by the Congress in 1970. See 84 Stat. 916 (1970).

In addition to increasing the hourly amount of compensation and designating maximum amounts recoverable, the new act also provides for the payment of a fee in excess of the statutory maximum where there are "unusual circumstances."[1] Other portions of the new statute attempt to place both an administrative and fact finding burden on the supreme court in so far as appointing counsel, processing and approving claims for fees, and evaluating the value of counsel's services on an appeal are concerned. For example, NRS 7.125(3)(b) purports to proscribe payment of a fee in excess of the statutory maximum in an appeal where there are "unusual circumstances" unless the excess amount is ". . . approved by a justice of the Nevada supreme court." See also, NRS 7.145(1) which provides: "Claims for compensation and expenses shall be made to: . . . (c) the supreme court on any appeal to that court."

Prior to May 20, 1975, the effective date of the new statute,

---

[1]See United States v. Thompson, 361 F.Supp. 879 (D.C. D.C. 1973), and People v. Wilson, 302 N.Y.S.2d 647 (Monroe County Ct. 1969), for comprehensive treatment and discussions of what factors are considered to constitute "unusual circumstances" which might warrant a fee in excess of the statutory maximum.

a request for an attorney's fee by private counsel who had been appointed pursuant to NRS 171.188, was directed to the district court. That court considered and evaluated all the claims (whether they were for services in the trial court, or on an appeal) and, upon approval, issued counsel a certificate, pursuant to NRS 7.260 (see Stats. of Nev. 1973, ch. 102, p. 168), for presentment to the appropriate financial officer of the county for payment. Cf. Hancock v. State, 80 Nev. 581, 584, 397 P.2d 181, 182 (1964). Most other states have followed an analogous procedure. The United States Code provides that claims for compensation for similar services in the federal district and appellate courts ". . . shall be submitted to the district court which shall fix the compensation and reimbursement to be paid." 18 U.S.C. § 3006A(d)(4).

Historically, both retained and appointed counsel have been selected by a client or designated by the trial court prior to the time an appeal is taken. Determination of the amount of remuneration to be paid appointed counsel—for the trial and for the appeal—has almost uniformly been determined by the trial courts. See Edmonds v. State, 62 N.W. 199 (Neb. 1895), which held that the trial court must determine the amount of an attorney's fee for appointed counsel, for the trial—and for the appeal. See also, State v. Wentler, 45 N.W. 816 (Wis. 1890); State v. Behrens, 79 N.W. 387 (Iowa 1899); and, De Long v. Board of Sup'rs, 69 N.W. 1115 (Mich. 1897). Cases from many other states, which are in accord, are collected in Annot., 18 ALR3d 1074 at 1082 et seq. Cf. Washoe Co. v. Humboldt Co., 14 Nev. 123 (1879); Op. Att'y Gen. No. 135 (Apr. 25, 1944).

The wisdom and economy of this procedure and custom is quite evident. Counsel who handled the trial—and is familiar with all aspects of the case—should, if feasible, also handle the appeal. Such counsel usually resides in—or near—the area where the trial took place. Their capacity and availability are usually better known to the trial judge than to members of the appellate bench. The rules of practice provide that questions relating to, and concerning, the content and preparation of the record and transcript are ordinarily presented to the trial court judge. Having presided over pretrial proceedings, over the trial, over post-trial motions, and over matters concerning preparation of the appellate record, the district court is therefore usually in a better position than this court to determine expeditiously how much new and effective effort has truly been devoted to preparation of appellate briefs.

Brown v. Board of County Comm'rs, 85 Nev. 149, 451 P.2d 708 (1969), recognized the inherent power of this court to set an attorney's fee; however, we deem it appropriate that normally such fees be first processed and resolved in district court, which is a fact finding tribunal, before we consider them. See the Const. of Nev., Art. VI § 4, which provides, in part, "The supreme court shall have appellate jurisdiction in all cases in equity; also in all cases at law . . ."

Thus, we deem the portions of Stats. of Nev. 1975, ch. 612, pp. 1153–56, which would compel this court, in the first instance, to appoint counsel for indigents on all appeals, approve payment of their fees and expenses, or determine the dollar value of services performed by such counsel, to be invalid attempts by the legislature to impose its will on this court.

Accordingly, we hold invalid the language in NRS 7.125(1) and NRS 7.165 which refers to the "supreme court or a justice thereof," insofar as it relates to the appointment and payment of counsel; and, that portion of NRS 7.125(3)(b), which purports to proscribe payment of a fee in excess of the statutory maximum, unless such excess fee is ". . . approved by a justice of the Nevada supreme court." Equally impermissible and, therefore, void is that portion of NRS 7.145(1) which provides that "Claims for compensation and expenses shall be made to: . . . (c) the supreme court on any appeal to that court." This court will, of course, continue to appoint counsel and fix fees whenever such orders appear necessary to the proper exercise of our proper appellate function.

The instant motion is denied, without prejudice to the right to reurge same in the district court, in accordance with this opinion.