COUNTY OF CLARK, A POLITICAL SUBDIVISION OF THE STATE OF NEVADA, AND DARREL R. DAINES, CLARK COUNTY COMPTROLLER, APPELLANTS, *v.* LEONARD P. SMITH, RESPONDENT.

No. 10769

December 3, 1980                    619 P.2d 1217

[*]*See* Nev. Const. Art. 1, § 8.

*Robert Miller,* District Attorney, and *Stanley W. Parry,* Deputy District Attorney, Clark County, for Appellants.

*Smith & Maurer,* Las Vegas, for Respondent.

## OPINION

By the Court, BATJER, J.:

Respondent Smith was appointed by the district court to represent an indigent defendant who was charged with first degree murder and four other felony offenses. The defendant was ultimately allowed to plead guilty to first degree murder, and the other charges were dismissed pursuant to the negotiated plea. Respondent filed a motion for payment of excess fees, under NRS 7.125(6), which was granted by the trial judge and approved by the chief judge of the Eighth Judicial District Court. Clark County and its Comptroller appeal the district court's order authorizing payment of the fee. We affirm.

NRS 7.125(4) provides, in pertinent part, that the court appointing an attorney to represent an indigent defendant may award a fee in excess of the statutory maximum of $2,500, NRS 7.125(2)(a), if the court "deems it appropriate because of extraordinary circumstances," which are defined as "financial burdens and hardships far in excess of those normally attendant upon the defense of indigent persons". The application by the attorney for an excess fee in this case fully complies with the requirements of NRS 7.125(6); it specifies in detail the types of services rendered in the defense of the case, the amount of time expended in each instance, the amount of expenses

actually incurred by the attorney, and the lack of any other reimbursement for his services. Given the complexity of the defense in this case, in which substantial medical and legal issues were involved, the application sets forth adequate data upon which the district court could conclude that the amounts claimed were reasonably expended. *See* United States v. Naples, 266 F.Supp. 608 (D.D.C. 1967). As in all cases where excess attorney fees are awarded, the trial judge, who hears the defense presented and can assess the difficulty of the case, is in the best position to gauge the reasonableness of the fees claimed. *See* United States v. Thompson, 361 F.Supp. 879 (D.D.C. 1973); People v. Perry, 278 N.Y.S.2d 323 (Sup.Ct. 1967). We shall not interfere with the trial court's judgment in such cases absent a manifest abuse of its discretion. We therefore conclude that the district court's approval of the amounts claimed by respondent in this case was not error.

Appellants contend, however, that no amount in excess of the statutory maximum could be awarded in this case because respondent did not show "extraordinary circumstances" entitling him to any excess fee. We do not agree. Respondent's affidavit in support of his application for the excess fee recited that respondent had entered upon private practice only a few weeks before being appointed to defend the indigent in this case, that the excess fee involved was over $2,000, and that the length and complexity of the case required extraordinary efforts on his part which resulted in financial difficulty in sustaining his private practice. We consider the circumstances of the present case, in which appointed counsel suffered financial hardship in the defense of an indigent, in a lengthy and complex case, to be the "extraordinary circumstances" contemplated by NRS 7.125(4). The definition of "extraordinary circumstances" used by federal courts in determining whether excess fees are justified includes the amount, character, and complexity of the work required; the responsibilities involved; the manner in which the necessary duties were performed, and the amount of knowledge, skill, and judgment displayed by counsel; and the professional standing of counsel. United States v. James, 301 F.Supp. 107 (W.D.Tenn. 1969). We note that the federal cases interpreting this language had been decided when the legislature added the "extraordinary circumstances" language to our statute, 1977 Nev. Stats. ch. 435 § 1.

The record in this case shows that the indigent defendant was charged with five extremely serious felony counts. Two were dismissed as a result of a writ of habeas corpus secured by respondent. Two others were dismissed as a result of the plea bargain agreement negotiated by respondent. The record of the

case, which did not go to trial, is over one thousand pages long. The deputy district attorney who prosecuted the defendant characterized the prosecution as "a very lengthy, complicated case". The names of ninety-seven witnesses were endorsed on the information. The procedures before trial lasted over two years. The defense to be relied upon was a contention, based upon the expert testimony of five doctors, that the defendant was incapable of committing the crimes charged. The district judge, in the order granting the excess fee, commented upon the high caliber of advocacy displayed by respondent in defense of the indigent. We consider these factors adequate support for the district court's exercise of discretion in allowing a fee in excess of the statutory maximum, *see* Daines v. Markoff, 92 Nev. 582, 587, 555 P.2d 490, 494 (1976) (GUNDERSON, C. J., concurring), in order to avoid inordinate hardship to the appointed attorney. As in calculating the amount of an excess fee, the district judge who hears the case is in the best position to evaluate the necessity for such an award. United States v. Thompson, *supra*.

Accordingly, the order of the district court appealed from is affirmed.

MOWBRAY, C. J., and THOMPSON, GUNDERSON, and MANOUKIAN, JJ., concur.