ROBERT W. LUECK, Appellant, *v.* THE STATE OF NEVADA, Respondent.

No. 14204

RICHARD A. WRIGHT, Appellant, *v.* DARREL R. DAINES, Clark County Comptroller, Respondent.

No. 14288

September 27, 1983                    669 P.2d 719

*Robert W. Lueck,* Las Vegas, for Appellant Lueck.

*Wright, Shinehouse & Stewart,* Las Vegas, for Appellant Wright.

*Brian McKay,* Attorney General, Carson City; *Robert J. Miller,* District Attorney, and *Johnnie B. Rawlinson,* Deputy District Attorney, Clark County, for Respondents.

## OPINION

*Per Curiam:*

These are appeals from orders denying motions for attorney fees in excess of the statutory maximum allowed for the representation of indigent criminal defendants by appointed counsel. Appellants both contend that the lower court abused its discretion in denying their respective motions. We agree.

Appellant Lueck sought excess fees for his representation of an indigent through jury trial on both the substantive offense of burglary and a related offense in municipal court, and in attendant probation revocation proceedings. Lueck submitted a claim for $2,897.65 which included $1,503.00 of in-court time, $538.50 of out-of-court time and $856.15 in actual expenses. Lueck was awarded a fee of $1,000.00 pursuant to NRS 7.125(2)(b).[1]

Appellant Wright sought payment for representation of Frank Ralph LaPena in the appeal of LaPena's convictions for first degree murder and robbery with the use of a deadly weapon. *See* LaPena v. State, 98 Nev. 135, 643 P.2d 244 (1982). Wright also represented LaPena in several matters

---

[1]NRS 7.125(2)(b) provides:

    2. The total fee for each attorney in any matter regardless of the number of offenses charged or ancillary matters pursued must not exceed:

    (b) If the most serious crime is a felony other than a felony included in paragraph (a) or is a gross misdemeanor, $1,000; . . . .

resulting from the remand of the case. Wright submitted a claim for $6,864.80 which included $172.50 for in-court time, $6,505.00 for out-of-court time and $187.30 in actual expenses. Wright was awarded $1,000.00 pursuant to NRS 7.125(2)(e).[2]

The comptroller of Clark County concedes that the time and effort claimed was expended; the comptroller does not contend that there was any failure to document the time or expenses or to comply with the procedural requirements of the statute. Therefore, the only issue before us is whether, under the circumstances presented, the trial court abused its discretion in failing to award fees in excess of the statutory maximum as provided by NRS 7.125(4).[3]

No reasons are stated in the record for the denial by the trial court of Lueck's motion for excess fees. In denying Wright's motion, the court below reasoned that "just because he put a lot of time in as research, . . . under the law . . . I can't grant it. I would have to do it all the time." On reconsideration, the lower court further found that extraordinary circumstances did not exist as defined by Daines v. Markoff, 92 Nev. 582, 555 P.2d 490 (1976).

Prior to 1975, there was no statutory provision for fees in excess of the limitations specified in subsection (2) of NRS 7.125. The provision for extraordinary fees which is applicable to this case was added by the legislature in 1975. Although the comptroller has discussed Daines v. Markoff, *supra,* and its predecessors in his opposition to the appellants' requests for compensation, only one decision of this court has been based on the provision of the statute which is at issue herein: County

[2]Subsection (e) of NRS 7.125(2) provides that the total fee for an appeal of one or more felony convictions must not exceed $1,000.

[3]NRS 7.125(4) provided, at all times relevant to this case:

As used in this subsection "extraordinary circumstances" means financial burdens and hardships far in excess of those normally attendant upon the defense of indigent persons. If the appointing court deems it appropriate because of extraordinary circumstances to grant a fee in excess of the applicable maximum, the payment may be made only if the court in which the representation was rendered certifies that the amount of the excess payment is both reasonable and necessary and the payment is approved by the presiding judge of the judicial district in which the attorney was appointed, or if there is no such presiding judge or if he presided over the court in which the representation was rendered, then by the district court judge who holds seniority in years of service in office.

The legislature in 1983, amended section (4) and deleted the terms "extraordinary circumstances," substituting a consideration of factors such as complexity of the case and severity of the offense. 1983 Nev. Stats. ch. 429, § 1, at 1096. The services at issue in these appeals, and the district court rulings, were rendered before the amendment.

of Clark v. Smith, 96 Nev. 854, 619 P.2d 1217 (1980). Although the trial judge is in the best position to gauge the reasonableness of the fees claimed, *Smith, supra,* the factors which should be considered in making the necessary assessment were listed in *Smith.* Those factors are: the amount, character and complexity of the work required; the responsibilities involved; the manner in which the necessary duties were performed, the amount of knowledge, skill, and judgment displayed by counsel; and the professional standing of counsel.

On appeal, the comptroller has not contended that any of the factors listed above are lacking.[4] Instead, the comptroller argues that appointed counsel must show personal financial hardship resulting from the appointment. Additionally, the comptroller argues that as a result of the obligation of all attorneys to represent indigents, appointed counsel must disregard financial reward. As to the ethical obligation of counsel, we need only note that neither counsel seeks an hourly rate greater than the $20.00 for out-of-court time and $30.00 for in-court time specified by the statute, an hourly rate substantially less than that probably charged by the bar in non-appointed cases.

The requirement of "financial ruin" as expressed in Brown v. Board of County Commissioners, 85 Nev. 149, 451 P.2d 708 (1969) is not applicable as that case was decided before the statute was amended in 1975, and we are not convinced that our opinion in *Smith* should be overruled. Therefore, because the *Smith* factors were raised in the district court and were not contested, we must find that the denial of excess fees to appellants was an abuse of discretion and accordingly, we reverse the orders of denial in both cases. Furthermore, because the amount of the claims has not been disputed on appeal, and because the comptroller has not contended on appeal that any of the *Smith* factors are lacking in these cases, we remand these cases to the trial court for the entry of orders granting the relief sought by appellants.

Reversed and remanded.

---

[4]The comptroller argued to the trial court that certain of Wright's "research" time was not compensable but apparently has abandoned that argument on appeal.