A. W. ALBANY, APPELLANT/CROSS-RESPONDENT, *v.* ARCATA ASSOCIATES, INC., A CALIFORNIA CORPORATION, JAMES C. SAXTON, RESPONDENTS, AND ROBERT P. DICKERSON, RESPONDENT/CROSS-APPELLANT.

No. 21140

October 25, 1990 799 P.2d 566

*John Peter Lee* and *Barney C. Ales,* Las Vegas, for Appellant/ Cross-Respondent.

*Beckley, Singleton, DeLanoy, Jemison & List* and *Daniel F. Polsenberg,* Las Vegas; *Jimmerson & Davis,* Las Vegas, for Respondents.

---

*Dickerson, Dickerson, Lieberman & Consul,* Las Vegas, for Respondent/Cross-Appellant.

## OPINION

*Per Curiam:*

This is an appeal from an order of the district court imposing sanctions jointly and severally upon respondents Arcata Associates, Inc., James C. Saxton, and their attorney below, Robert P. Dickerson. Pursuant to NRCP 54(b), the district court certified as final only that part of its order imposing joint and several liability sanctions upon attorney Dickerson. The sole issue that we must decide is whether an order imposing sanctions upon a non-party is appealable. We conclude that it is not.

Robert P. Dickerson was the attorney of record for both Arcata Associates Inc. and James C. Saxton, the defendants in the underlying civil action below. After the jury was impaneled and the attorneys presented their opening statements, the existence of a conflict between Arcata and Saxton became apparent. The district court decided that it would be improper for attorney Dickerson to continue to represent both defendants. The district court entered an order directing Arcata, Saxton and Dickerson, jointly and severally, to pay plaintiff A. W. Albany $17,139.75 in sanctions. Thereafter, the district court certified only that portion of its order imposing joint and several liability for the sanctions upon attorney Dickerson as a final judgment pursuant to NRCP 54(b). *See* NRCP 54(b). Dickerson and Albany filed timely notices of appeal.

690

Where no statutory authority to appeal is granted, no right to appeal exists. Kokkos v. Tsalikis, 91 Nev. 24, 530 P.2d 756 (1975). NRAP 3A(a) states that "[a]ny party aggrieved" may appeal from an appealable judgment or order in a civil action or proceeding. Dickerson has no right of appeal because he is not a party to the underlying civil action. *See generally,* Whitley v. State, 79 Nev. 406, 386 P.2d 93 (1963). Therefore, the district court erroneously certified its order as final under NRCP 54(b). Because the certification is without effect, this court consequently lacks jurisdiction to consider Albany's appeal as well. *See* Taylor Constr. Co. v. Hilton Hotels, 100 Nev. 207, 678 P.2d 1152 (1984).

We conclude, therefore, that this court lacks jurisdiction to consider this appeal and cross-appeal.[1] Accordingly, we dismiss this appeal and cross-appeal.[2]

[1]Because attorney Dickerson's status as a non-party deprives this court of appellate jurisdiction, it appears that Dickerson may have no speedy, adequate remedy in the ordinary course of law. We note, however, that this court's discretionary review of the district court's order holding him jointly and severally liable to Albany for $17,139.75 may be appropriately invoked by a properly documented petition for extraordinary relief.

[2]In light of this disposition, it is unnecessary for us to resolve the captioning issues presented in this appeal. Accordingly, we deny all pending motions regarding the proper captioning of this appeal.

The Honorable John C. Mowbray, Justice, did not participate in the decision of this appeal.