DONALD BEURY, ESQ., Appellant, *v.* THE STATE OF NEVADA, THE EIGHTH JUDICIAL DISTRICT COURT, Respondent.

No. 21075

June 6, 1991                                         812 P.2d 774

364

*Donald Beury,* Carlsbad, California, for Appellant.

*Frankie Sue Del Papa,* Attorney General, Carson City; *Rex Bell,* District Attorney and *Karen Grant,* Deputy District Attorney, Clark County, for Respondent.

## OPINION

*Per Curiam:*
On January 21, 1987, a jury found Wayne Edward Walters

guilty of murder with use of a deadly weapon. The Eighth Judicial District Court sentenced Walters to serve two terms of life in the Nevada State Prison. Following sentencing, the district court granted Walters' private attorney's motion to withdraw, and appointed the public defender to represent Walters on appeal. Walters then brought a direct appeal, which was dismissed by this court. Walters v. State, Docket No. 17190 (Order Dismissing Appeal, March 24, 1987).

Walters subsequently filed a proper person petition for post-conviction relief. The district court appointed Donald Beury to represent Walters. Following an evidentiary hearing, the district court denied Walters' petition. Donald Beury was then appointed to represent Walters on his appeal from the district court's denial of Walters' petition for post-conviction relief. On appeal, this court concluded that the district court had erred in not granting Walters' petition for post-conviction relief, and therefore reversed the district court's ruling and remanded the case. Walters v. State, 106 Nev. 45, 786 P.2d 1202 (1990). This court subsequently granted the state's petition for rehearing and recalled the remittitur. Walters v. State, Docket No. 20028 (Order, October 25, 1990).

On February 2, 1990, Beury filed a motion pursuant to NRS 7.125(4) seeking excess attorney's fees for his representation of Walters. The district court denied Beury's motion for excess fees and awarded him $2,500.00. This appeal followed.

Our preliminary review of the appeal revealed a potential jurisdictional defect. Specifically, we noted that because Beury was not an aggrieved party, he appeared to lack standing to pursue this appeal.[1] We therefore ordered Beury to show cause why this appeal should not be dismissed for lack of jurisdiction.

In response to our order, Beury first explains that he initially brought this appeal in the name of Walters, the defendant below, and claims that the Clark County Clerk substituted Beury as the appellant. Beury then contends that Walters is an aggrieved party for the purposes of this appeal, because the district court's denial of Beury's motion for excess fees threatens Walters' sixth amendment right to counsel. Beury argues specifically that the district court's order amounts to a declaration that under no circumstances would the court consider granting fees in excess of $2,500.00, and that this will deter other attorneys from doing necessary work on behalf of Walters. Beury also suggests that in light of the district court's refusal to compensate him for his efforts on behalf of Walters, "perhaps counsel should abandon or

---

[1]NRS 177.015 begins with the language, "The party aggrieved in a criminal action may appeal only as follows . . . ."

reduce [his] efforts." Beury concludes that Walters is aggrieved by the very prospect of being abandoned in the middle of an appeal.

We are unconvinced by Beury's attempt to demonstrate that Walters is an aggrieved party in this appeal. First, Beury's claim that the district court's order will deter other attorneys from representing Walters is based on a faulty premise. Contrary to Beury's claim, the district court's order did not amount to a declaration that under no circumstances would it consider granting fees in excess of $2,500.00. Rather, the district court held that NRS 7.125(2)(e) applied, and that an appointed attorney should notify the court before doing work that would entitle him to excess fees. Further, Beury's claim that the district court's order will affect his future representation of Walters ignores reality. After the district court denied Beury's motion for excess fees, Beury brought a motion to withdraw as counsel. The district court granted Beury's motion and appointed other counsel.

In addition to his contention that Walters is an aggrieved party, Beury also presents other arguments as to why this court has jurisdiction over this appeal. Noting that all of the representation at issue was rendered before this court, Beury contends that NRS 7.125(4) expressly confers on this court jurisdiction over this appeal. We reject this contention. NRS 7.125(4)(d) provides in pertinent part that the court appointing an attorney may grant fees in excess of the statutory maximum, "but only if the court in which the representation was rendered certifies that the amount of the excess payment is both reasonable and necessary . . . ." Nothing in this language confers appellate jurisdiction on the court in which the representation was rendered to review on appeal the award of attorney's fees.

Beury also attempts to analogize his situation to an earlier case in which we ordered appointed appellate counsel to return all fees and expenses received by his firm. *See* Cuzdey v. State, 103 Nev. 575, 747 P.2d 233 (1987). Beury apparently fails to note, however, that this court had jurisdiction in *Cuzdey* because it was a direct appeal from a judgment of conviction. *See* NRS 177.015(3). The actions this court took in *Cuzdey* regarding attorney's fees derived from that jurisdiction. In the instant case, there is no such underlying appeal.

Finally, Beury makes the broad contention that "[a]ppellate courts have inherent jurisdiction to review claims for attorney's

fees," citing Gilbert v. Superior Court, 169 Cal.App.3d 148 (Cal.Ct.App. 1985). *Gilbert,* however, involved a petition for extraordinary relief brought by an attorney who had been denied his contractual fees. It did not involve an appeal from a denial of attorney's fees brought in the name of the defendant below. Further, the appellate court did not discuss its jurisdiction over the petition. Thus *Gilbert* in no way supports Beury's contention that this court has jurisdiction over the instant appeal.

In summary, we conclude that Walters is not an aggrieved party and therefore lacks standing to bring this appeal. *See* NRS 177.015. Further, we reject the other bases for jurisdiction suggested by Beury. Finally, we note that Beury himself was not a party to the underlying criminal action. We recently held that an attorney who was not a party to the underlying civil action had no right to appeal from an order imposing sanctions. *See* Albany v. Arcata Associates, 106 Nev. 688, 799 P.2d 566 (1990). We find the instant case to be analogous, and therefore hold that Beury has no right to appeal from the order denying excess fees. We conclude, therefore, that this court lacks jurisdiction to consider this appeal.

Because this court lacks appellate jurisdiction over this appeal, it appears that Beury may have no legal remedy. Therefore, we note, as we did in *Albany,* that "this court's discretionary review of the district court's order . . . may be appropriately invoked by a properly documented petition for extraordinary relief." *Albany,* 106 Nev. at 690 n.1, 799 P.2d at 568 n.1. Accordingly, we dismiss this appeal.