DONALD BEURY, Petitioner, *v.* THE EIGHTH JUDICIAL DISTRICT COURT OF THE STATE OF NEVADA, in and for the County of Clark, and THE HONORABLE CARL J. CHRISTENSEN, District Judge, Respondents.

No. 22292

March 5, 1992                                826 P.2d 956

---

*Donald Beury,* In Proper Person, Vista, California, for Petitioner.

*Rex Bell,* District Attorney, *Charles A. Paine,* Chief Deputy District Attorney, Clark County, for Respondents.

## OPINION

*Per Curiam:*

On March 2, 1989, the district court appointed petitioner Donald Beury to represent Wayne Walters on his appeal from the district court's denial of Walters' post-conviction relief petition. Beury successfully prosecuted the appeal and this court reversed Walters' conviction. *See* Walters v. State, 106 Nev. 45, 786 P.2d 1202 (1990). Thereafter, Beury moved the district court, pursu-

ant to NRS 7.125, for $4,230 in attorney's fees for the work performed on Walters' appeal. Beury expended 105.5 hours of unquestioned effort in handling the appeal.

After hearing arguments on Beury's motion for fees in excess of the statutory maximums, the district court denied the motion and awarded Beury $2,500. Beury appealed to this court for the $1,730 difference. We dismissed Beury's appeal for lack of jurisdiction. Beury v. State, 107 Nev. 363, 812 P.2d 774 (1991). Beury thereafter filed the instant petition for a writ of mandamus directing the district court to awaid him the excess fees in the amount of $1,730.

## Discussion

Beury contends that the district court erroneously applied NRS 7.125 in denying his motion for attorney's fees in excess of the applicable statutory maximum. Specifically, Beury argues that the district court failed to properly consider NRS 7.125(4) in denying his motion for excess fees. We note, however, that Beury's application for excess attorney's fees did not comply with NRS 7.125(4) because no statutory certification had been obtained from this court. NRS 7.125(4) provides in part that a district court judge may award excess fees "only if the court in which the representation was rendered certifies that the amount of the excess payment is both reasonable and necessary."

Both parties agree that since Beury's representation occurred in the Nevada Supreme Court, NRS 7.125(4) allows only this court to certify whether Beury is entitled to fees in excess of those mandated by statute.[1] Thus, because Beury represented Walters before this court, his entitlement to excess fees, if any, must be certified by this court.[2] The factors considered in determining the

---

[1]NRS 7.125(4) provides as follows:

    4. If the appointing court because of:

    (a) The complexity of a case or the number of its factual or legal issues;

    (b) The severity of the offense;

    (c) The time necessary to provide an adequate defense; or

    (d) Other special circumstances, deems it appropriate to grant a fee in excess of the applicable maximum, the payment must be made, but only if the court in which the representation was rendered certifies that the amount of the excess payments is both reasonable and necessary and the payment is approved by the presiding judge of the judicial district in which the attorney was appointed, or if there is no such presiding judge or if he presided over the court in which the representation was rendered, then by the district judge who holds seniority in years of service in office.

[2]"As in all cases where excess attorney fees are awarded, the trial judge, who hears the defense presented and can assess the difficulty of the case, is in the best position to gauge the reasonableness of the fees claimed." County of

propriety of such fees are provided in NRS 7.125(4)(a)-(d) and include, "the amount, character and complexity of the work required; the responsibilities involved; the manner in which the necessary duties were performed, the amount of knowledge, skill, and judgment displayed by counsel; and the professional standing of counsel." Lueck v. State, 99 Nev. 717, 720, 669 P.2d 719, 721 (1983).

Because we had not received and certified Beury's application for excess fees on appeal, his request for such fees in the court below did not comply with the requirements of NRS 7.125(4). However, having now received and reviewed his petition, we now certify to the district court that, in our view, Beury's request for excess fees is both reasonable and necessary. Fees in excess of those statutorily mandated encourage competent counsel to provide representation to indigent defendants in complex cases.

Although we have provided the necessary NRS 7.125(4) certification, we nevertheless recognize that under the statutory scheme, the ultimate decision on whether to grant, deny or modify Beury's excess fee request rests with the court who appointed him and the chief judge in the appointing court's district or his or her statutory alternate. See NRS 7.125(4) ("If the appointing court . . . deems it appropriate to grant a fee in excess of the applicable maximum, the payment must be made, but only if . . . the payment is approved by the presiding judge of the judicial district in which the attorney was appointed, or if there is no such presiding judge . . . then by the district judge who holds seniority in years of service in office"). Despite this court's evaluation and certification of an attorney's entitlement to excess fees under the four factors specified under NRS 7.125(4)(a)-(d), we conclude that the appointing and presiding judges may also evaluate the referenced factors in the process of determining whether to approve the amount or any amount of excess fees certified by this court.

Finally, for the future benefit of the bar, we have determined

---

Clark v. Smith, 96 Nev. 854, 856, 619 P.2d 1217 (1980). By a parity of reasoning, when excess fees are requested for appellate representation, the appellate court is in the best position to gauge the reasonableness of such fees in accordance with the factors identified in NRS 7.125(4)(a)-(d). We nevertheless leave to the district court authorities who must make the ultimate decision under the statute the extent to which they will extend deference to this court's certification. It is clear, however, that the district court has no authority to award excess fees for representation in this court without first having received the required certification.

that appointed attorneys who consider themselves entitled to excess fees after careful analysis of the character of their work on appeal, as assessed in part by the four statutory factors enumerated above, should apply for a certification from this court in conjunction with the appeal or petition being pursued in this court.

For the reasons specified above, we grant Beury's petition for an original writ of mandamus for the limited purpose of providing a vehicle for this court's certification of his excess fees, and directing the district court to exercise its discretion in accordance with the mandate of the statute.