LAURENCE PETER DIGESTI, Petitioner, *v.* THE THIRD JUDICIAL DISTRICT COURT OF THE STATE OF NEVADA, IN AND FOR THE COUNTY OF LYON, and THE HONORABLE MARIO G. RECANZONE, District Judge, Respondents.

No. 23959

May 27, 1993

853 P.2d 118

*Laurence Peter Digesti,* Reno, for Petitioner.

*Keith Loomis,* District Attorney, Lyon County, for Respondents.

*Laura Wightman FitzSimmons,* Las Vegas, for Amicus Nevada Trial Lawyers Association.

*Kevin M. Kelly,* Las Vegas, for Amicus Nevada Attorneys for Criminal Justice.

## OPINION

*Per Curiam:*

This petition for a writ of mandamus challenges an order of the district court denying petitioner's request for additional attorney's fees earned while representing an indigent client.

Petitioner, Laurence Peter Digesti, was appointed by the district court to represent an indigent client. Petitioner's client was charged with, among other things, manufacture of a controlled substance in violation of NRS 453.321, which is a felony punishable by a maximum sentence of imprisonment for life.

On June 29, 1992, petitioner filed in the district court a motion requesting interim attorney's fees in excess of the statutory limit.[1]

---

[1] NRS 7.125 provides, in pertinent part:

 1. Except as limited by subsections 2, 3 and 4, an attorney other than a public defender appointed by a magistrate or a district court to represent or defend a defendant . . . is entitled to receive a fee for court appearances and other time reasonably spent on the matter to which the appointment is made, $60 per hour.

 2. The total fee for each attorney in any matter regardless of the

Petitioner documented that he spent 177.2 hours of work on the case and requested $10,632 in attorney's fees based upon the NRS 7.125(1) rate of $60 per hour. Petitioner, however, mistakenly petitioned for fees in excess of the NRS 7.125(2)(b) limit applicable to less serious felonies, rather than the NRS 7.125(2)(a) limit applicable to felonies where the maximum punishment is life.

On June 29, 1992, the district court entered an order awarding $5,000 in attorney's fees to petitioner. The order also proceeded under the erroneous impression that the applicable statutory limit was $2,500. The order concluded that fees in excess of $2,500 were warranted pursuant to NRS 7.125(4) and County of Clark v. Smith, 96 Nev. 854, 619 P.2d 1217 (1980).

Petitioner continued to represent the client through sentencing. On August 28, 1992, petitioner moved for reconsideration of his allowance for attorney's fees, and included documentation of 13.1 additional hours of legal services. Petitioner requested total attorney's fees of $11,418. Petitioner's ground for reconsideration was that his original motion, and the court's order, were incorrectly premised on the fee limit specified under NRS 7.125(2)(b).

On October 22, 1992, the district court denied petitioner's motion for reconsideration, and concluded that:

> [T]he dollar amounts listed in NRS 7.125(2) are maximum fees allowable and are in no manner mandates requiring the Court to grant the amounts stated. Determining the fees allowable in individual cases is within the Court's discretion and may be granted in any amount up to the maximum provided by statute.
>
> . . . .
>
> Mr. Digesti now asks the Court to reconsider its award in

---

number of offenses charged or ancillary matters pursued must not exceed:

(a) If the most serious crime is a felony punishable by death or imprisonment for life with or without possibility of parole, $12,000;

(b) If the most serious crime is a felony other than a felony included in paragraph (a) or is a gross misdemeanor, $2,500;

. . . .

4. If the appointing court because of:

(a) The complexity of a case or the number of its factual or legal issues;

(b) The severity of the offense;

(c) The time necessary to provide an adequate defense; or

(d) Other special circumstances,

deems it appropriate to grant a fee in excess of the applicable maximum, the payment must be made, but only if the court in which the representation was rendered certifies that the amount of the excess payment is both reasonable and necessary . . . .

light of the fact that the maximum this Court could allow is $12,000.00 rather than $2,500.00. The Court finds no reason to reconsider its initial allowance. As was clear in its Order, the Court was not restricted by the $2,500.00 limit because there were sufficient factors warranting an award in excess of that amount. The Court considered all of the factors and found $5,319.69 to be a fair and reasonable amount to be paid to Mr. Digesti. The analysis is no different now than it was before.

Petitioner contends that the district court has misapplied NRS 7.125 because Nevada judges do not have discretion to award "any amount" for time reasonably spent on a matter under the statutory limit. We agree.

A writ of mandamus is available to compel the performance of an act which the law requires as a duty resulting from an office, trust or station, NRS 34.160, or to control an arbitrary or capricious exercise of discretion. *See* Hickey v. District Court, 105 Nev. 729, 782 P.2d 1336 (1989). A writ of mandamus shall issue where there is not a plain, speedy and adequate remedy in the ordinary course of the law. NRS 34.170. An attorney who is appointed to represent an indigent client and is denied NRS 7.125 attorney's fees lacks standing to appeal the order denying the fees. *See* Beury v. State of Nevada, 107 Nev. 363, 812 P.2d 774 (1991). Because such an attorney may have no legal remedy, this court's discretionary review of the district court's order may be appropriately invoked by a properly documented petition for extraordinary relief. *Id.*

NRS 7.125(1) provides that appointed counsel is "entitled to receive a fee for court appearances and other time reasonably spent on the matter to which the appointment is made, $60 per hour." "Entitle" is defined as "to give a right or legal title to: qualify (one) for something: furnish with proper grounds for seeking or claiming something . . . ." Webster's Third New International Dictionary 758 (4th ed. 1976). The plain language of NRS 7.125(1) grants appointed counsel a right to $60 per hour for time reasonably spent up to the statutory maximum. The district court must merely multiply the amount of reasonable hours spent on the matter by sixty dollars; this is not a discretionary act. *See* Dade County v. Goldstein, 384 So.2d 183 (Fla. Dist.Ct.App. 1981).

It appears, however, that the district court has interpreted NRS 7.125 to grant a court discretion to award "any amount up to the maximum provided by statute," or any "fair and reasonable" fee

536

of the court's own creation. This interpretation is erroneous. NRS 7.125(1) mandates, by the use of the word "entitled," that an attorney is to receive $60 per hour for all time reasonably spent under the statutory limit. NRS 7.125 does not grant a court discretion to arbitrarily substitute its own award, whether reasonable or not, in place of the award required by NRS 7.125(1).[2]

NRS 7.125(1) does, however, contemplate that a Nevada court has discretion to deny attorney's fees to appointed counsel for time unreasonably spent. A court need not blindly accept the amount of time claimed by an attorney; the amount of time claimed must be reasonable. *See* State v. Longjaw, 761 P.2d 1331 (Or. 1988). If a court determines that the hours claimed are unreasonable, the court may reduce the claim accordingly. The court cannot, however, act arbitrarily in making its decision. *Id.* A district court abuses its discretion if it awards attorney's fees in an amount lower than that mandated by NRS 7.125(1) without explicitly determining that the amount of time claimed by an appointed attorney is unreasonable, and without stating its reasons for the reduction in fees. *Cf.* Lyon v. Walker Boudwin Constr. Co., 88 Nev. 646, 503 P.2d 1219 (1972) (failure of district court to state reasons for denying attorney's fees pursuant to NRS 18.010 constitutes an abuse of discretion).

Therefore, we conclude that the district court abused its discretion by arbitrarily awarding $5,000 as attorney's fees without determining whether the time claimed by petitioner pursuant to NRS 7.125 was unreasonable. Accordingly, we grant this petition for a writ of mandamus. The clerk of this court shall issue a writ of mandamus compelling the district court to vacate its order of October 22, 1992, and to reconsider petitioner's motion for allowance of attorney's fees in a manner consistent with this opinion.

---

[2]This is in contrast to an award of attorney's fees in excess of the statutory limit. A court has discretion to grant excess fees in an amount that the court certifies as reasonable and necessary. *See* NRS 7.125(4); County of Clark v. Smith, 96 Nev. 854, 619 P.2d 1217 (1980).