OPINION

Per Curiam:

Appellant’s court-appointed attorney, Michael K. Powell, has filed an application for the certification of excess fees. See NRAP 15; NRS 7.125(4). Specifically, counsel seeks this court’s certification of payment in the amount of $4,656.25 for services rendered in this appeal as of August 25, 1997. Attorney Powell has attached a copy of a district court order to his application. The order indicates that the district court believes that the time spent and work done by counsel in this matter are both reasonable and necessary.
Attorney Powell was appointed by the district court to represent appellant in this direct appeal from a judgment of conviction on several felony counts. At the time counsel filed the current application for certification, he had only submitted a fast track statement and appendix to this court on behalf of appellant. See NRAP 3C(e). We subsequently directed the parties to fully brief this appeal and counsel has since filed an opening brief on behalf of appellant. See NRAP 3C(j). However, respondent has yet to *1457 file an answering brief, and the merits of this matter have not been submitted to this court for consideration.
NRS 7.125 governs the amount of compensation that court-appointed attorneys may obtain for the representation of an indigent client in a criminal matter. NRS 7.125(2)(e) limits compensation in appeals from one or more gross misdemeanor or felony convictions to $2,500. However, that amount may be exceeded under certain circumstances. First, the appointing court must deem a payment in excess of the limit appropriate. See NRS 7.125(4). Second, the court in which the representation occurred must certify the excess payment as both reasonable and necessary. Id. Finally, the presiding or senior judge of the district in which the attorney was appointed must approve the payment. Id. We had the opportunity to address the issue of compensation for court-appointed attorneys in excess of statutory limits in Brown v. Board of County Comm’rs, 85 Nev. 149, 451 P.2d 708 (1969). At that time, the legislature had imposed inflexible limits on the amount of compensation that could be provided to court-appointed attorneys. We recognized that in certain instances the statute’s failure to adequately compensate court-appointed attorneys for their services might create an unbearable personal hardship. Id. at 152-53, 451 P.2d at 710-11. However, we declined to exceed the statutory limits in Brown and instead invited legislative correction of the matter. Id.
After our decision in Brown, the legislature amended NRS 7.260 [1] to provide for fee payments in excess of the established limits in “unusual circumstances.” See 1975 Nev. Stat., ch. 612, § 1, at 1154. The amended statute established a process by which attorneys might seek payment in excess of the statutory limit. Id. The process required a justice of this court to approve excess fee claims in appellate matters. Id.
We first had an opportunity to review the legislature’s attempt to ease the potential financial burden on court-appointed attorneys in Brackenbrough v. State, 92 Nev. 460, 553 P.2d 419 (1976). Upon review, we found the legislature’s attempt to place the “administrative and fact finding burden” of processing excess fee claims upon this court invalid. Id. at 462, 553 P.2d at 420. We noted the historical practice and wisdom of allowing the district court to process excess fee claims in the first instance and concluded “that normally such fees [should] be first processed and resolved in district court, which is a fact finding tribunal, before we consider them.” Id. at 463-64, 553 P.2d at 420-21.
In the years since our decision in Brackenbrough, NRS 7.125 has been amended several times. See 1977 Nev. Stat., ch. 236, § *1458 1, at419-20; 1977 Nev. Stat., ch. 435, § 1, at 875-76; 1981 Nev. Stat., ch. 451, § 3, at 874-75; 1983 Nev. Stat., ch. 26, § 4, at 109-10; 1983 Nev. Stat., ch. 429, § 1, at 1095-97; 1985 Nev. Stat., ch. 365, § 1-2, at 1023-26; 1987 Nev. Stat., ch. 554, § 1, 1295-96; 1991 Nev. Stat., ch. 630, § 1, 2077-78; 1993 Nev. Stat., ch. 590, § 1, 2465-66. The requirement that this court approve excess fees in appellate matters was eventually replaced with the current requirements that the appointing court deem an excess fee appropriate, that the court in which the representation was rendered certify the excess fee as reasonable and necessary, and that the presiding or senior district court judge approve the excess fee. See NRS 7.125(4).
We initially embraced the certification requirements embodied in NRS 7.125(4). See Beury v. State, 108 Nev. 219, 826 P.2d 956 (1992). In fact, we formally established a procedure by which court-appointed attorneys in criminal matters could request certification of excess fee claims as “reasonable and necessary” from this court. See NRAP 15. However, our experience has shown that the very “administrative and fact finding burden” we feared in Brackenbrough has been imposed upon us by the current statutory requirements.
As we indicated in Brackenbrough, the district court that hears the underlying matter traditionally appoints local counsel to represent an indigent person on appeal. 92 Nev. at 463, 553 P.2d at 420. The district court presides over the trial, pre-trial proceedings, and post-trial motions. Id. The district court’s intimate familiarity with a case and retention of the complete trial record usually puts it “in a better position than this court to determine expeditiously how much new and effective effort has truly been devoted to preparation of appellate briefs.” Id.
In addition to the practical reasons for having the district court process all excess fee claims, our constitution suggests that the current procedure embodied in NRS 7.125(4) is invalid. The constitution vests this court with final appellate jurisdiction over matters which arise in the district court. See Nev. Const, art. 6, § 4 (“The supreme court shall have appellate jurisdiction in all civil cases arising in district courts, and also on questions of law alone in all criminal cases in which the offense charged is within the original jurisdiction of the district courts.”) The constitution vests district courts with the power and duty to conduct the initial civil and criminal proceeding. See Nev. Const, art. 6, § 6(1) (“The District Courts in the several Judicial Districts of this State have original jurisdiction in all cases excluded by law from the original jurisdiction of justices’ courts.”)
Our constitution does not contemplate or permit this court’s *1459 engagement in the extensive fact finding procedures required to provide the meaningful certification of an excess fee claim that NRS 7.125(4) demands. Likewise, the constitution does not contemplate or permit this court’s rulings and certifications to be subjected to final review and approval by the presiding or senior judge of a district court.
We conclude that the district court is in a better position than this court to judge the appropriateness of a court-appointed attorney’s request for excess fees. In addition, the current procedure mandated by NRS 7.125(4) for the processing of appellate excess fee claims is contrary to the roles designated to this court and the district courts by our constitution. Accordingly, we invalidate that portion of NRS 7.125(4) which would require an appellate court to certify a claim for excess fees as reasonable and necessary. Furthermore, we deny counsel’s current application for the certification of excess fees in this matter.
Attorney Powell, like all other court-appointed counsel seeking excess fees in an appellate matter, should present his claim to the district court that appointed him to represent appellant herein. After receiving a determination from that court that an excess fee is appropriate, attorney Powell must still seek the approval of the presiding or senior judge of the district court. See NRS 7.125(4). This court will only review a lower court’s decision regarding a claim for excess fees in extraordinary circumstances. See Beury v. State, 107 Nev. 363, 812 P.2d 774 (1991) (petition for writ of mandamus is the appropriate vehicle for challenging a district court’s order regarding court-appointed attorney compensation).[2]

 NRS 7.125 was formerly numbered as NRS 7.260.

 Contemporaneous with the filing of this opinion, we have filed an order repealing Rule of Appellate Procedure 15 which established the process by which attorneys could seek our certification of excess fee claims. In addition, to the extent that our decision in Beury v. State, 108 Nev. 219 , 826 P.2d 956 (1992), is inapposite with our conclusion today, it is overruled.