# IN THE SUPREME COURT OF THE STATE OF NEVADA

CODY BRIAN WALLACE,
Appellant,
vs.
THE STATE OF NEVADA,
Respondent.

No. 70741

FILED

JUN 15 2017

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY S. Young
DEPUTY CLERK

## *ORDER OF AFFIRMANCE*

This is an appeal from a judgment of conviction, pursuant to a jury verdict, of one count of abuse, neglect or endangerment of child under the age of fourteen years causing substantial bodily or mental harm. Third Judicial District Court, Lyon County; Leon Aberasturi, Judge.

Appellant Cody Wallace contends that the district court erred in denying his motion to dismiss for violation of the Double Jeopardy Clause. Judge William Rogers granted Wallace's motion for mistrial in the first jury trial, and Judge Leon Aberasturi subsequently denied Wallace's motion to dismiss before the second trial. Wallace argues that Judge Aberasturi lacked authority to overturn Judge Rogers' previous ruling. Wallace's claim lacks merit. Judge Aberasturi did not overturn Judge Rogers' ruling because the latter did not address jeopardy. Judge Rogers concluded that the State's actions were "improper" or constituted "inexcusable neglect," but he made no findings as to whether the State's conduct "constitute[d] 'overreaching' or 'harassment' intended to goad appellant into moving for a mistrial." *Melchor-Gloria v. State*, 99 Nev. 174, 178, 660 P.2d 109, 112 (1983) (adopting federal standard for when Double Jeopardy Clause bars retrial after grant of defendant's motion for

17-19868

mistrial). Further, the factual findings in Judge Aberasturi's order are supported by substantial evidence in the record. Wallace conceded at the evidentiary hearing on his motion to dismiss that the 911-call issue could have been cured with the jury instructions, he has not demonstrated that the State improperly failed to turn over the radiological report, and the State's opening argument was not improper and did not violate any trial court order. We therefore conclude that the district court did not err in denying Wallace's motion to dismiss for violation of the Double Jeopardy Clause. We decline Wallace's invitation to adopt an "intentional misconduct" test, although we note that Wallace has failed to demonstrate that playing the inadmissible portion of the 911 call was intentional misconduct and not mere negligence or that the State's other actions were misconduct at all.

Wallace next contends that the district court abused its discretion in failing to disqualify the entire Lyon County District Attorney's Office because the office employed a secretary who had previously worked for defense counsel for a three-month period. Substantial evidence in the record supports the district court's findings that the District Attorney's Office properly screened the secretary from Wallace's case and that she neither disclosed nor received any information or files regarding the case. Wallace, who presented no evidence to the contrary, failed to demonstrate that it was "unlikely that [he] would receive a fair trial unless the entire prosecutor's office [were] disqualified from prosecuting the case." *State v. Eighth Judicial Dist. Court (Zogheib)*, 130 Nev., Adv. Op. 18, 321 P.3d 882, 886 (2014). We therefore conclude that the district court did not abuse its discretion in denying Wallace's motion to disqualify the prosecutor's office. *See id.* at 884.

Wallace next contends that the district court abused its discretion in denying his motion to admit pictures showing bruises on the victim's younger sister as evidence of their mother's other bad acts in order to establish that the mother, not Wallace, was responsible for the victim's death. Wallace failed to demonstrate by clear and convincing evidence that the pictures depicted bruising or that any bruising was inflicted by the mother. *See Bigpond v. State*, 128 Nev. 108, 117, 270 P.3d 1244, 1250 (2012) (holding evidence of witness's other bad acts may be admissible for nonpropensity purposes if relevant to the crime, proven by clear and convincing evidence, and the probative value is not substantially outweighed by the danger of unfair prejudice). We therefore conclude the district court did not abuse its discretion in refusing to admit the pictures. *See id.*

Wallace next contends that the district court abused its discretion in denying his motion to strike the State's notice of expert witnesses. Wallace failed to provide this court with a copy of his motion or specify what medical issues, peer-reviewed studies, or conflicting stories that the State's experts allegedly failed to consider. Because Wallace fails to support his claim with cogent argument, we do not consider it. *Maresca v. State*, 103 Nev. 669, 673, 748 P.2d 3, 6 (1987).

Finally, Wallace contends that the district court acted arbitrarily and abused its discretion in reducing the amount of attorney's and investigator fees. Wallace lacks standing to raise this claim as he is not aggrieved by any reduction in fees, and counsel lacks standing to raise the claim in this appeal as he was not a party in the underlying criminal action. *See Beury v. State*, 107 Nev. 363, 367, 812 P.2d 774, 776 (1991), *subsequent mandamus proceeding sub nom. Beury v. Eighth Judicial Dist.*

*Court*, 108 Nev. 219, 826 P.2d 956 (1992). Accordingly, this court lacks jurisdiction to address this claim in an appeal from Wallace's judgment of conviction. *Id.*

For the foregoing reasons, we

ORDER the judgment of the district court AFFIRMED.[1]

_____, J.
Hardesty

_____, J.
Parraguirre

_____, J.
Stiglich

cc:  Hon. Leon Aberasturi, District Judge
     Law Office of Kenneth V. Ward/Dayton
     Paul E. Quade
     Attorney General/Carson City
     Lyon County District Attorney
     Third District Court Clerk

---

[1]Wallace's opening brief and, to a lesser extent, the State's answering brief fail to comply with the Nevada Rules of Appellate Procedure because the argument sections frequently refer to facts not contained in the facts section and without any citation to the record. *See* NRAP 28(e)(1). Counsel are cautioned that the failure to comply with the briefing requirements in the future may result in the imposition of sanctions. *See* NRAP 28(j); *Smith v. Emery*, 109 Nev. 737, 743, 856 P.2d 1386, 1390 (1993).