# IN THE SUPREME COURT OF THE STATE OF NEVADA

R. JEFFREY LOWDEN,
INDIVIDUALLY; AND TORY M.
PANKOPF,

              Appellants,

vs.

NATHAN J. AMAN; FAHRENDORF,
VILORIA OPLIPHANT & OSTER, LLP;
AND FACES NEVADA, LLC,

              Respondents.

No. 79088

**FILED**

FEB 14 2020

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY _____
CHIEF DEPUTY CLERK

## ORDER DISMISSING APPEAL

This is an appeal from a district court order, certified as final under NRCP 54(b), granting summary judgment and imposing sanctions. Second Judicial District Court, Washoe County; David A. Hardy, Judge.

Initial review of the docketing statement and documents before this court revealed potential jurisdictional defects. Accordingly, this court ordered appellants to show cause why this appeal should not be dismissed for lack of jurisdiction.

First, it appeared that the notice of appeal was untimely filed. *See Winston Prods. Co. v. DeBoer*, 122 Nev. 517, 519, 134 P.3d 726, 728 (2006) ("This court lacks jurisdiction to consider an appeal that is filed beyond the time allowed under NRAP 4(a)."). Notice of entry of the challenged order was served electronically on May 21, 2019. Accordingly, the notice of appeal was due to be filed in the district court by June 20, 2019. *See* NRAP 4(a)(1) (generally requiring a notice of appeal to be filed within

20-06270

30 days of service of written notice of entry of the order appealed). But the notice of appeal was not filed in the district court until June 24, 2019.

In response, appellant Tory M. Pankopf agrees that the notice of entry of order was served electronically on May 21, 2019, and the notice of appeal was filed on June 24, 2019.[1] He contends, however, that he is entitled to three extra days to file the notice of appeal based on NRCP 5(b)(2)(F) and NRCP 6(d) because service was accomplished via the district court's electronic filing system. This contention lacks merit. Three additional days to act are not afforded to a party where service of a document is made via a court's electronic filing system. *See* NRCP 5(b)(2)(E) (allowing service to be made by submitting a document to the court's electronic filing system for electronic service); NRCP 6(d) (allowing three additional days to act where service is made via NRCP 5(b)(2)(C), (D), or (F), but not (E)); NRCP 6, Advisory Committee Note—2019 Amendment (explaining that NRCP 6(d) no longer provides for the addition of three days to a calculation of time when service is accomplished electronically). To the extent Pankopf requests an extension of time to file the notice of appeal due to the recent amendments of the NRCP, this court is unable to grant the request. *See* NRAP 26(b)(1)(A) (providing that this "court may not extend the time to file a notice of appeal except as provided in Rule 4(c)").

Second, it appeared that Pankopf lacks standing to appeal the challenged order because he was not a party to the underlying district court case. *See* NRAP 3A(a) (allowing an appeal by an aggrieved party); *Albert D. Massi, Ltd. v, Bellmyre*, 111 Nev. 1520, 1521, 908 P.2d 705, 706 (1995) (dismissing an appeal filed by a party's attorney for lack of standing);

---

[1]Appellant R. Jeffrey Lowden has not filed a response.

*Albany v. Arcata Assocs., Inc.*, 106 Nev. 688, 799 P.2d 566 (1990) (concluding that the court lacked jurisdiction over an appeal from an order imposing sanctions upon an attorney where the attorney was not a party to the underlying litigation). Pankopf concedes that he lacks standing to appeal.

As the notice of appeal was untimely filed and Pankopf lacks standing to appeal, this court

ORDERS this appeal DISMISSED.

_____, J.
Parraguirre

_____, J.
Hardesty

_____, J.
Cadish

cc:     Hon. David A. Hardy, District Judge
        Margaret M. Crowley, Settlement Judge
        R. Jeffrey Lowden
        Tory M. Pankopf, Ltd.
        Lemons, Grundy & Eisenberg
        Viloria, Oliphant, Oster & Aman L.L.P.
        Washoe District Court Clerk